**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DOUGLAS MARSHALL, SIMON | : | |
| CAMPBELL, ROBERT ABRAMS, AND | : | |
| TIMOTHY DALY, | : | |
|     Plaintiffs, | : | Civil Action No. 2:21-cv-04336 |
| | : | |
|     v. | : | |
| | : | Honorable Gene E.K. Pratter |
| PETER C. AMUSO, et al. | : | |
|     Defendants. | : | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendants, Pennsbury School District, Michael P. Clarke, Esq., Peter C. Amuso, Esq.,

Cherrissa Gibson, Christine Toy-Dragoni, Joshua Waldorf, Sherwood (Chip) Taylor, Howard

Goldberg, T.R. Kannan, Michael Pallotta, Linda Palsky, Gary Sanderson, Debra Wachspress and

Ann Langtry ("Defendants"), by and through their attorneys, Sweet, Stevens, Katz & Williams

LLP, hereby move to dismiss the Complaint filed against them, and in support thereof aver as

follows:

**<u>Procedural History</u>**

1.  Plaintiffs, Douglas Marshall, Simon Campbell, Robert Abrams and Timothy Daly,

initiated this action against the Defendants by filing a Complaint on October 1, 2021 (ECF 1).

2.  Defendants were served via Summons on various dates including October 9, 11-14, 2021

(ECF 10-22).[1]

3.  Plaintiffs named as Defendants: the Pennsbury School District, the District's Solicitor,

the District's Assistant Solicitor, nine (9) current Board members, one former employee of the

District and the District's Director of Equity, Diversity and Education.

---

[1] Defendant Ann Langtry has not been served with the summons and Complaint as of the date of the filing of this Motion.

4.   Plaintiffs attempt to set forth ten (10) civil rights claims against the Defendants pursuant to 42 U.S.C. § 1983, specifically claiming a deprivation of their rights to free speech and rights to petition in violation of the First and Fourteenth Amendments to the United States Constitution. It is not readily apparent from the facts of the Complaint which claims are asserted against which Defendants.

5.   Defendants now file this timely Motion to Dismiss and Brief in Support thereof, pursuant to FED. R. CIV. P. 12(b)(6), to dismiss all Counts against the Defendants because the Complaint fails to set forth a viable claim for which the law provides recovery.

**Relevant Facts as Alleged in Complaint[2]**

6.   The District adopted Policy 903, Public Participation at Board meetings, which sets forth rules regarding public comments at the District's public school board meeting.  (ECF 1, ¶¶ 21-27)

7.   Policy 903 provides that the presiding officer at the board meetings may "interrupt or terminate a participant's statement when the statement is too lengthy, personally directed, abusive, obscene, or irrelevant." (ECF 1, ¶ 28)

8.   Plaintiffs claim that "Defendants have also interpreted Policy 903 to allow them to excise such speech from the official recordings of Pennsbury School Board meetings." (ECF 1, ¶ 29)

9.   On May 20, 2021, Pennsbury, acting by and through the Defendant school board members, adopted a policy entitled *Civility*, Pennsbury Sch. Dist. Policy Manual § 922 ("Policy 922"). (ECF 1, ¶ 34)

10. Policy 922 provides that "[o]ffensive, inappropriate, intolerant, and/or threatening speech or behavior erodes the civil, orderly, and respectful environment that the Board seeks to promote

---

[2]  Defendants acknowledge that the facts in the Complaint must be accepted as true for purposes of the Court's decision on their Motion to Dismiss only.

in district schools, on district property, and at district-sponsored events and activities." (ECF 1, ¶ 35)

11. As a result of the COVID-19 Pandemic beginning in March 2020, Plaintiffs allege that "Pennsbury held its school board meetings online, or online with very limited audience capacity, from April 2020 through April 2021. To accommodate public speaking in these formats, Pennsbury asked speakers to provide their commentary in writing, to be read into the record at the meeting." (ECF 1, ¶ 38)

12. Plaintiff Robert Abrams admits that he submitted a variety of written comments, "many of which were critical of Pennsbury, its school board, and various Pennsbury personnel." (ECF 1, ¶ 39; See ECF 4-10)

13. On July 30, 2020, Abrams was advised by Defendant Kannan (Board President at the time) that Abrams' comments would be permitted "as long as it is not personally directed, abusive, obscene or irrelevant." (ECF 1, ¶ 40)

14. Plaintiffs Abrams and Tim Daly each submitted comments to be read at the board's public meeting of December 17, 2020. (ECF 1, ¶ 45)

15. "Daly's comment for December 17, 2020, criticized board members for filling board vacancies "with controlled votes of members of their preferred political party." [Daly] claimed that "these actions to eliminate diversity of thought on the Board and reject the will of the voters has sent the school district into a downward spiral."" (ECF 1, ¶ 46)

16. "Daly's comment was neither posted online nor read."  (ECF 1, ¶ 46) There are no allegations as to the why this comment was not accepted by the District.

17. Abrams' December 17, 2020 comment "stated that Pennsbury performed poorly, academically and financially, accused the board of violating First Amendment rights, and accused Defendant Waldorf and others of financial improprieties." (ECF, ¶ 47)

18. "Abrams' December 17, 2020 comment was neither posted online nor read, and not made part of Pennsbury's record." (ECF 1, ¶ 47) There are no allegations as to the why this comment was not accepted by the District.

19. On January 21, 2021, Daly submitted written public comments to be read at the Pennsbury School Board's meeting that evening. (ECF 1, ¶ 48)

20. Daly's January 21, 2021 comment was rejected for being in violation of Policy 903. (ECF 1, ¶ 49)

21. On January 21, 2021, Abrams submitted a written public comment to be read at the Board meeting that night. (ECF 1, ¶

22. The January 21, 2021 comment accused Defendant Waldorf and Chris Berdnik, the District's Business Manager, of, among other things, misappropriation of tax monies.  (See Doc. 4-14)

23. Abrams was advised on January 21, 2021, that his comment would not be accepted because it was found to be in violation of Policy 903.  (See Doc. 4-14)

24. On March 4, 2021, Abrams submitted a comment that "criticized the school board and its solicitors for censoring speech. But for the most part, Abrams' comments criticized Pennsbury's Business Manager, Christopher Berdnik." (ECF 1, ¶ 56; See Doc 4-10) (The comment accused Waldorf and Berdnik of theft and fraud with respect to tax monies)

25. The March 4, 2021 comment by Abrams was not accepted by the District because it was found to be in violation of Policy 903.  (ECF 1, ¶ 57)

26. Plaintiff Douglass Marshall, Esq., made the following comment, in person, at the March 18, 2021 Board Meeting:

> [H]istorically, quite frankly, it's the Left that's always been problematic regarding race, only the Left owned slaves. And then we had the Emancipation Proclamation, to which

the Left responded with a terrorist group known as the Ku Klux Klan, and legislatively the Jim Crow laws which disenfranchised black people. We had Margaret Sanger, who created the American Eugenics Society, which eventually became Planned Parenthood . . . LBJ created the Great Society which incentivized the destruction of many black families, the Clinton Crime Bill, which created much larger penalties for possession of cocaine among young black men . . . I don't think in any way that Republicans are innocent..

. . . . . . . . . . . .

In 2019 FBI statistics showed that only 9 unarmed black men were killed by police and 19 unarmed white men. The point I'm making is that that's not focused upon by the media so people don't really focus upon that. You have thousands of young black men who are being shot and some killed in inner cities but the media doesn't focus on them. We are not going to resolve that in fact we're going to exacerbate that problem with a curriculum like this.

(ECF 1, ¶¶ 64, 66)

27. There are no allegations that Marshall's speech was restricted in any manner during the March 18, 2021 Board Meeting.

28. Defendant Gibson, the District's Director of Equity, Diversion &  Education, asked that "the YouTube link to the board meeting's recording be disabled pending review for the recording's "compliance" with Policy 903; that Marshall's "abusive and irrelevant" public speech be "remove[d]" "so that any subsequent audio or video posting of the meeting does not include his abusive comments." (ECF 1, ¶ 75)

29.  On or about March 22, 2021, the video was subsequently changed to remove Marshall's comments that were found to be violation of Policy 903.  (ECF 1, ¶ 80)

30. The original version of the video was then re-posted by the District on an unspecified date.  (ECF 1, ¶ 81)

31. During the May 20, 2021 Board Meeting:

    a.   Plaintiff Marshall made the following comment, among others, allegedly regarding equity, "For example, first-generation Nigerian immigrants excel to the top of the academic socio-economic ladder of success;" before he was stopped by Defendant Amuso and instructed not to comment any further; (ECF 1, ¶¶ 91-94)

    b.   Plaintiff Daly claims that he was prevented from making one comment from when he was getting ready to leave the meeting (ECF 1, ¶ 89);

    c.   Plaintiff Abrams made the following comment, among others, allegedly regarding equity, "Sixty-five percent are extremely happy now, 27% were neutral, 8% were unhappy. So we're going to build a multimillion dollar program for the 8% that are unhappy. I'll bring the 8% in here, let them meet with-" before he was stopped by Defendant Amuso and instructed not to comment any further. (ECF 1, ¶¶ 95, 96)

32. There are no allegations that Plaintiff Simon Campbell had any speech restricted by any Defendant.

### Standard of Review

33. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.

34. Dismissal is appropriate if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), meaning enough factual allegations " 'to raise a reasonable expectation that discovery will reveal evidence of' " each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir.2008)

(quoting *Twombly*, 550 U.S. at 556); see also *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir.1993) (requiring a complaint to set forth information from which each element of a claim may be inferred).

### First Amendment – Limited Public Forum

35. For First Amendment purposes, there are three types of forums: (1) traditional public forums, (2) nonpublic forums, and (3) designated public forums. *Perry Educ. Association v. Perry Local Educators' Association*, 460 U.S. 37, 45–46 (1983) On one end of the spectrum are traditional public forums such as parks and streets that "by long tradition ... have been devoted to assembly and debate." Id. at 45. At the other end of the spectrum are closed or non-public forums, which are neither traditionally open to the public nor designated by the government as such. Id. at 46.  In non-public forums, the government may issue content-based regulations on expressive activity provided they are "reasonable in light of the purpose served by the forum and are viewpoint neutral." Id. Finally, courts have recognized the existence of a third forum—the "limited" public forum—that is created when the government "intentionally open[s] a nontraditional public forum for public discourse." *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 802 (1985).

36. A school board meeting at which the public is allowed to speak is a designated public forum limited to discussing school operation and governance. *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 45 & n.7 (1983).

37. The government's ability to restrict a speaker's access in a limited public forum is subject to the same scrutiny applicable in a non-public forum. Id. at 806.

38. The government "may not exclude speech where its distinction is not 'reasonable in light of the purpose served by the forum,' ... nor may it discriminate against speech on the basis of its

viewpoint." *Child Evangelism Fellowship of New Jersey Inc. v. Stafford Twp. Sch. Dist.*, 386 F.3d 514, 526 (3d Cir. 2004)

## **The Complaint Must Be Dismissed**

39. The Complaint must be dismissed because there are no specific facts alleged that any Plaintiff was restricted from exercising any protected speech based upon his viewpoint.

40. Individual Defendants are entitled to qualified immunity because they did not violate any rights of Plaintiff that were clearly established at the time of the alleged violations.

41. Individual Defendants must be dismissed because there are no allegations that they had any personal involvement in any violation of any of Plaintiffs' constitutional rights.

42. Plaintiff Simon Campbell must be dismissed as a party because the Complaint fails to set forth a viable cause of action on his behalf and he does not have standing based upon the allegations of the Complaint.

43. Counts I, III, V, VI, VII, VIII, IX and X of the Complaint must be dismissed because District Policies 922 and 903 are constitutional on their face.

44. Counts II and IV of the Complaint must be dismissed because District Policies 922 and 903 were applied in constitutional manner.

45. Count VII of the Complaint attempting to set forth a claim for conspiracy pursuant to Section 1983 must be dismissed because it is factually insufficient and Defendants cannot conspire among themselves as a matter of law.

46. The official capacity claims against Individual Defendants merge with claims against the District as a matter of law and therefore must be dismissed.

47. Defendants Clarke and Amuso must be dismissed because they are not state actors for which individual liability can attach for purposes of a Section 1983 claim.

Wherefore, for the good and sound reasons advanced herein and in Defendants' Brief in Support, Defendants respectfully request that this Honorable Court grant their Motion to Dismiss and dismiss the Complaint filed against them by Plaintiffs with prejudice.

Respectfully Submitted,

SWEET, STEVENS, KATZ & WILLIAMS LLP

Date: <u>November 3, 2021</u>          By: <u>*/s/ Gary H. Dadamo*</u>

Gary H. Dadamo, Esquire
Attorney for Defendants,
Peter C. Amuso, Michael P. Clarke, Pennsbury School District, Cherrissa Gibson, Christine Toy-Dragoni, Joshua Waldorf, Sherwood (Chip) Taylor, Howard Goldberg, T.R. Kannan, Michael Pallotta, Linda Palsky, Gary Sanderson, Debra Wachspress and Ann Langtry

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DOUGLAS MARSHALL, SIMON CAMPBELL, ROBERT ABRAMS, AND TIMOTHY DALY, | : : : | |
| Plaintiffs, | : | Civil Action No. 2:21-cv-04336 |
| | : | |
| v. | : | |
| | : | Honorable Gene E.K. Pratter |
| PETER C. AMUSO, et al. | : : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Gary H. Dadamo, Esquire, counsel for the Defendants, hereby certify that a true and correct copy of the foregoing Motion to Dismiss Plaintiffs' Complaint was served through the Court's ECF filing system upon counsel of record.

SWEET, STEVENS, KATZ & WILLIAMS LLP

Date: November 3, 2021          By: _/s/ Gary H. Dadamo_
                                         Gary H. Dadamo, Esquire
                                         Attorney for Defendants,
                                         Peter C. Amuso, Michael P. Clarke, Pennsbury School
                                         District, Cherrissa Gibson, Christine Toy-Dragoni,
                                         Joshua Waldorf, Sherwood (Chip) Taylor, Howard
                                         Goldberg, T.R. Kannan, Michael Pallotta, Linda Palsky,
                                         Gary Sanderson, Debra Wachspress and Ann Langtry