# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS MARSHALL, SIMON CAMPBELL, ROBERT ABRAMS, AND TIMOTHY DALY, | : : : | |
| Plaintiffs, | : | Civil Action No. 2:21-cv-04336 |
| | : | |
| v. | : | |
| | : | Honorable Gene E.K. Pratter |
| PETER C. AMUSO, et al. | : | |
| Defendants. | : | |

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

Gary H. Dadamo, Esquire - PA 93292
Sweet, Stevens, Katz & Williams LLP
331 East Butler Avenue, P. O. Box 5069
New Britain, Pennsylvania  18901
(215) 345-9111
gdadamo@sweetstevens.com

Attorney for Defendants,
Peter C. Amuso, Michael P. Clarke, Pennsbury School District, Cherrissa Gibson, Christine Toy-Dragoni, Joshua Waldorf, Sherwood (Chip) Taylor, Howard Goldberg, T.R. Kannan, Michael Pallotta, Linda Palsky, Gary Sanderson, Debra Wachspress and Ann Langtry

# TABLE OF CONTENTS

TABLE OF CITATIONS ...……………………………………………………………i-ii

I.   INTRODUCTION ....................................................................................................... 1

II.  RELEVANT BACKGROUND ................................................................................... 1

III. STATEMENT OF ISSUES PRESENTED ................................................................ 1

   A.   WHETHER THE COMPLAINT MUST BE DISMISSED BECAUSE THERE ARE NO SPECIFIC
        FACTS ALLEGED THAT ANY PLAINTIFF WAS RESTRICTED FROM EXERCISING ANY
        PROTECTED SPEECH BASED UPON HIS VIEWPOINT? ................................................... 1

   B.   WHETHER INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY
        BECAUSE THEY DID NOT VIOLATE ANY RIGHTS OF PLAINTIFF THAT WERE CLEARLY
        ESTABLISHED AT THE TIME OF THE ALLEGED VIOLATIONS? .................................... 2

   C.   WHETHER INDIVIDUAL DEFENDANTS MUST BE DISMISSED BECAUSE THERE ARE NO
        ALLEGATIONS THAT THEY HAD ANY PERSONAL INVOLVEMENT IN ANY VIOLATION OF
        ANY OF PLAINTIFFS' CONSTITUTIONAL RIGHTS? ...................................................... 2

   D.   WHETHER PLAINTIFF SIMON CAMPBELL MUST BE DISMISSED AS A PARTY BECAUSE
        THE COMPLAINT FAILS TO SET FORTH A VIABLE CAUSE OF ACTION ON HIS BEHALF
        AND DOES NOT HAVE STANDING BASED UPON THE ALLEGATIONS OF THE
        COMPLAINT? ............................................................................................................... 2

   E.   WHETHER COUNTS I, III, V, VI, VII, VIII, IX AND X OF THE COMPLAINT MUST BE
        DISMISSED BECAUSE DISTRICT POLICIES 922 AND 903 ARE CONSTITUTIONAL ON
        THEIR FACE? ................................................................................................................ 2

   F.   WHETHER COUNTS II AND IV OF THE COMPLAINT MUST BE DISMISSED BECAUSE
        DISTRICT POLICIES 922 AND 903 WERE APPLIED IN A CONSTITUTIONAL MANNER? .. 2

   G.   WHETHER COUNT VII OF THE COMPLAINT ATTEMPTING TO SET FORTH A CLAIM FOR
        CONSPIRACY PURSUANT TO SECTION 1983 MUST BE DISMISSED? ............................ 2

   H.   WHETHER THE OFFICIAL CAPACITY CLAIMS AGAINST INDIVIDUAL DEFENDANTS
        MERGE WITH CLAIMS AGAINST THE DISTRICT AS A MATTER OF LAW AND THEREFORE
        MUST BE DISMISSED? ................................................................................................. 2

   I.   WHETHER DEFENDANTS CLARKE AND AMUSO MUST BE DISMISSED BECAUSE THEY
        ARE NOT STATE ACTORS FOR WHICH INDIVIDUAL LIABILITY CAN ATTACH FOR
        PURPOSES OF A SECTION 1983 CLAIM? ...................................................................... 3

IV.  STANDARD OF REVIEW ........................................................................................ 3

V.   ARGUMENT ............................................................................................................... 3

   A.   THE COMPLAINT DOES NOT SET FORTH A VIABLE FIRST AMENDMENT CLAIM
        BECAUSE THERE ARE NO SPECIFIC FACTS ALLEGED THAT ANY SPEECH WAS
        RESTRICTED BASED UPON VIEWPOINT DISCRIMINATION. ........................................ 4

   B.   INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY BECAUSE THEY
        DID NOT VIOLATE ANY RIGHTS OF PLAINTIFF THAT WERE CLEARLY ESTABLISHED AT
        THE TIME OF THE ALLEGED VIOLATIONS. ................................................................. 6

   C.   INDIVIDUAL DEFENDANTS MUST BE DISMISSED BECAUSE THERE ARE NO
        ALLEGATIONS THAT THEY HAD SUFFICIENT PERSONAL INVOLVEMENT IN ANY
        VIOLATION OF ANY OF PLAINTIFFS' CONSTITUTIONAL RIGHTS. ............................... 8

D.      PLAINTIFF SIMON CAMPBELL MUST BE DISMISSED AS A PARTY BECAUSE HE DOES NOT HAVE STANDING AND/OR HAS NOT SUFFERED ANY IDENTIFIABLE HARM. .......... 9

E.      COUNTS I, III, V, VI, VII, VIII, IX AND X OF THE COMPLAINT MUST BE DISMISSED BECAUSE DISTRICT POLICIES 922 AND 903 ARE CONSTITUTIONAL ON THEIR FACE. 10

F.      COUNTS II AND IV OF THE COMPLAINT MUST BE DISMISSED BECAUSE DISTRICT POLICIES 922 AND 903 WERE APPLIED IN CONSTITUTIONAL MANNER. ................... 12

G.      COUNT VII OF THE COMPLAINT ATTEMPTING TO SET FORTH A CLAIM FOR CONSPIRACY PURSUANT TO SECTION 1983 MUST BE DISMISSED. ............................ 13

H.      THE OFFICIAL CAPACITY CLAIMS AGAINST INDIVIDUAL DEFENDANTS MERGE WITH CLAIMS AGAINST THE DISTRICT AS A MATTER OF LAW. ......................................... 15

I.      DEFENDANTS CLARKE AND AMUSO MUST BE DISMISSED BECAUSE THEY ARE NOT STATE ACTORS FOR WHICH INDIVIDUAL LIABILITY CAN ATTACH FOR PURPOSES OF A SECTION 1983 CLAIM. ........................................................................................... 16

VI.   **CONCLUSION** ............................................................................................ **18**

## TABLE OF CITATIONS

**Cases**

*Anderson v. Creighton*, 483 U.S. 635, 640 (1987) ....................................................... 7

*Anderson v. Hansen*, 519 F. Supp. 3d 457 (E.D. WI February 12, 2021) ...................... 6

*Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) ............................................................... 6

*Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.,* 877 F.3d 136, 142-3 (3d Cir. 2017) ....... 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) .......... 17

*Bethel Sch. Dist. v. Fraser*, 478 at 675, 686 (1986)........................................................ 11

*Boddorff v. Publicker Indus., Inc.,* 488 F.Supp. 1107, 1112 (E.D. Pa. 1980).............................. 14

*Brice v. City of York*, 528 F.Supp.2d 504, 516 n. 19 (M.D. Pa. 2007) ......................... 15

*Broadrick v. Oklahoma*, 413 U.S. 601, 615 (1973) ...................................................... 10

*Brown v. City of Pittsburgh,* 586 F.3d 263 (3d Cir. 2009) .................................... 4, 10, 11, 12, 13

*Brown v. Fauver,* 819 F.2d 395, 400 (3d Cir.1987)........................................................ 10

*Burton v. City of Phila.,* 121 F.Supp.2d 810 (E.D. Pa. 2000)........................................ 15

*Carlino v. Gloucester High Sch.,* 57 F. Supp.2d 1, 33-34 (D.N.J. 1999), *aff'd in part,* 44 F. App'x 599 (3d Cir. 2002)........................................................................... 7

*Chambers v. Phila. Media Network,* No. 11–6589, 2013 WL 4857995, at *3 (E.D. Pa. Sept. 12, 2013) ........................................................................... 17

*City of St. Louis v. Praprotnik*, 485 U.S. 112, 123, 108 S. Ct. 915, 924, 99 L. Ed. 2d 107 (1988) 8

*Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.,* 473 U.S. 788, 802 (1985)....................... 3, 4

*D.C. v. Wesby*, 138 S. Ct. 577, 199 L. Ed. 2d 453 (2018) ............................................. 7

*DeJohn v. Temple University,* 2006 WL 2623274, at *5 (E.D. Pa. 2006)................................. 14

*Donovan v. Pittston Area School Dist.,* 2015 WL 3771420, *5 (M.D. Pa. 2015) ...................... 15

*Gale v. Storti,* 608 F.Supp.2d 629, 635 (E.D.Pa. 2009)................................................. 13

*Gen Refractories Co. v. Fireman's Fund Ins. Co.,* 337 F.3d 297, 313 (3d Cir. 2003) ................ 15

*Good News Club v. Milford Cent. Sch.,* 533 U.S. 98, 106–07 (2001) ............................. 4

*Great W. Mining & Mineral Co. v. Fox Rothschild, LLP,* 615 F.3d 159, 178 (2010)............ 16, 17

*Henderson v. Fisher,* 631 F.2d 1115, 1119 (3d Cir. 1980)........................................... 16

*Hill v. Bor. of Kutztown*, 455 F.3d 225, 233 n. 9 (3d Cir. 2006) ................................... 15

*Hoffman Estates v. Flipside, Hoffman Estates*, 455 U.S. 489, 494 n. 4 (1982)........................ 11

*Iancu v. Brunetti*, 139 S. Ct. 2294, 2313–14 (2019)........................................................ 5

*Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985) .................................................... 15

*Lackner v. Glosser*, 892 A.2d 21, 35 (Pa. Super. Ct. 2006).......................................... 14

*Lee v. SEPTA,* 418 F. Supp. 2d 675, 681 (E.D. Pa. 2005) .......................................... 14

*Lewis-Bey v. Delaware Cty.,* 2018 WL 1518807, at *6 (E.D. Pa. 2018)...................................... 15

*Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992) ...................................................... 9

*McBride v. Cahoone,* 820 F.Supp.2d 623, 633 (E.D. Pa. 2011).................................................... 9

*Members of City Council v. Taxpayers for Vincent*, 466 U.S. 789, 799 (1984) ........................... 10

*Mikhail v. Kahn,* 991 F. Supp. 2d 596, 644 (E.D. Pa. 2013), *aff'd,* 572 F. App'x 68 (3d Cir. 2014)
........................................................................................................................................................ 16

*Monell v. Porter v. City of Philadelphia*, 975 F.3d 374, 391 (3d Cir. 2020).............................. 12

*Mullenix v. Luna,* 577 U.S. 7, 11-12 (2015) ................................................................................. 7

*Ne. Pennsylvania Freethought Soc'y v. Cty. of Lackawanna Transit Sys.,* 938 F.3d 424, 432 (3d
Cir. 2019) ....................................................................................................................................... 4

*Parratt v. Taylor,* 451 U.S. 527, 537 n.3 (1981)........................................................................... 8

*Pearson v. Callahan*, 555 U.S. 223, 231 (2009) .......................................................................... 6

*Perry Educ. Association v. Perry Local Educators' Association*, 460 U.S. 37, 45–46 (1983)....... 3

*Pfannstiel v. City of Marion,* 918 F.2d 1178, 1187 (5th Cir.1990)............................................... 13

*Plumhoff v. Rickard*, 572 U.S. 765, 776 (2014), *citing Ashcroft v. al-Kidd*, 563 U.S. 731, 741
(2011) ............................................................................................................................................. 6

*Polk County v. Dodson,* 454 U.S. 312, 318–19 (1981)................................................................. 16

*Porter v. City of Philadelphia*, 975 F.3d 374, 391–92 (3d Cir. 2020)....................................... 12

*Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ...................................................... 8

*Rosembert v. Borough of E. Lansdowne*, 14 F. Supp. 3d 631, 648–49 (E.D. Pa. 2014) ............... 9

*Rosenberger v. Rector and Visitors of Univ. of Va.,* 515 U.S. 819, 829 (1995) ........................... 4

*Saucier v. Katz*, 533 U.S. 194, 202 (2001) .................................................................................. 7

*Saxe v. State Coll. Area Sch. Dist.,* 240 F.3d 200, 214 (3d Cir. 2001) ........................................ 10

*Shingara v. Skiles,* 274 Fed.Appx. 164, 168 (3d Cir. 2008) ........................................................ 15

*Spencer v. Steinman,* 968 F.Supp. 1011, 1020 (E.D. Pa. 1997) .................................................. 14

*Startzell v. City of Philadelphia,* 533 F.3d 183, 205 (3d Cir. 2008) ....................................... 14, 17

*Stretton v. Disciplinary Bd. of the Supreme Court of Pennsylvania*, 944 F.2d 137, 144 (3d
Cir.1991) ....................................................................................................................................... 11

*Texas v. Johnson*, 491 U.S. 397, 414 (1989) ............................................................................... 4

*Thomas v. Ind. Twp.,* 463 F.3d 285, 291 (3d Cir. 2006).............................................................. 6

*Zenquis v. City of Philadelphia,* 861 F.Supp.2d 522, 528–29 (E.D. Pa. 2012) ........................... 17

**Statutes**

42 U.S.C. § 1983.......................................................................... 2, 3, 6, 7, 9, 12, 13, 15, 16, 17

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS
PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendants, Pennsbury School District, Michael P. Clarke, Esq., Peter C. Amuso, Esq., Cherrissa Gibson, Christine Toy-Dragoni, Joshua Waldorf, Sherwood (Chip) Taylor, Howard Goldberg, T.R. Kannan, Michael Pallotta, Linda Palsky, Gary Sanderson, Debra Wachspress and Ann Langtry ("Defendants"), by and through their attorneys, Sweet, Stevens, Katz & Williams LLP, hereby submit this Brief in Support of their Motion to Dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.

## I.   INTRODUCTION

The Complaint challenges the constitutionality and application of District Policies 903 and 922 regarding public comment at Board meetings.  The Board meetings are considered a limited public forum for purposes of the First Amendment to the U.S Constitution.  The public, including Plaintiffs, do not have unfettered First Amendment rights in limited public forums. Policies 903 and 922 pass constitutional muster on their face and they were applied in reasonable manner.  At no time was Plaintiffs' speech chilled and Defendants did not violate their constitutional rights.

## II.   RELEVANT BACKGROUND

Defendants incorporate by reference the Procedural History and Facts As Alleged portions of their Motion to Dismiss (Defendants' Motion to Dismiss, ¶¶ 1-32) as if fully set forth herein.

## III.   STATEMENT OF ISSUES PRESENTED

**A.   Whether the Complaint must be dismissed because there are no specific facts alleged that any Plaintiff was restricted from exercising any protected speech based upon his viewpoint?**

**[suggested answer in the affirmative]**

**B.**     **Whether Individual Defendants are entitled to qualified immunity because they did not violate any rights of Plaintiff that were clearly established at the time of the alleged violations?**

        **[suggested answer in the affirmative]**

**C.**     **Whether Individual Defendants must be dismissed because there are no allegations that they had any personal involvement in any violation of any of Plaintiffs' constitutional rights?**

        **[suggested answer in the affirmative]**

**D.**     **Whether Plaintiff Simon Campbell must be dismissed as a party because the Complaint fails to set forth a viable cause of action on his behalf and does not have standing based upon the allegations of the Complaint?**

        **[suggested answer in the affirmative]**

**E.**     **Whether Counts I, III, V, VI, VII, VIII, IX and X of the Complaint must be dismissed because District Policies 922 and 903 are constitutional on their face?**

        **[suggested answer in the affirmative]**

**F.**     **Whether Counts II and IV of the Complaint must be dismissed because District Policies 922 and 903 were applied in a constitutional manner?**

        **[suggested answer in the affirmative]**

**G.**     **Whether Count VII of the Complaint attempting to set forth a claim for conspiracy pursuant to Section 1983 must be dismissed?**

        **[suggested answer in the affirmative]**

**H.**     **Whether the official capacity claims against Individual Defendants merge with claims against the District as a matter of law and therefore must be dismissed?**

        **[suggested answer in the affirmative]**

I. **Whether Defendants Clarke and Amuso must be dismissed because they are not state actors for which individual liability can attach for purposes of a Section 1983 claim?**

**[suggested answer in the affirmative]**

IV. <u>**STANDARD OF REVIEW**</u>

Defendants hereby incorporate by reference the Standard of Review portion of their Motion to Dismiss (Defendants' Motion to Dismiss, ¶¶ 33-34).

V. <u>**ARGUMENT**</u>

Plaintiffs attempt to assert claims for violations under the First and Fourteenth Amendments regarding their speech at the District's Board meetings.

For First Amendment purposes, there are three types of forums: (1) traditional public forums, (2) nonpublic forums, and (3) designated public forums. *Perry Educ. Association v. Perry Local Educators' Association*, 460 U.S. 37, 45–46 (1983).  On one end of the spectrum are traditional public forums such as parks and streets that "by long tradition ... have been devoted to assembly and debate." *Id*. at 45. At the other end of the spectrum are closed or non-public forums, which are neither traditionally open to the public nor designated by the government as such. *Id.* at 46.  In non-public forums, the government may issue content-based regulations on expressive activity provided they are "reasonable in light of the purpose served by the forum and are viewpoint neutral." *Id.*  Finally, courts have recognized the existence of a third forum—the "limited" public forum—that is created when the government "intentionally open[s] a nontraditional public forum for public discourse." *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.,* 473 U.S. 788, 802 (1985).  A school board meeting at which the public is allowed to speak is a designated public forum limited to discussing school operation and governance. *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 45 & n.7 (1983).

**A.      The Complaint does not set forth a viable First Amendment claim because there are no specific facts alleged that any speech was restricted based upon viewpoint discrimination.**

When the government establishes a limited public forum, it is not required to and does not allow persons to engage in every type of speech. The government may be justified "in reserving [its forum] for certain groups or for the discussion of certain topics." *Rosenberger v. Rector and Visitors of Univ. of Va.,* 515 U.S. 819, 829 (1995).  The government's power to restrict speech, however, is not without limits. The restriction must not discriminate against speech on the basis of viewpoint, *Rosenberger, supra,* at 829, and the restriction must be "reasonable in light of the purpose served by the forum," *Cornelius v. NAACP Legal Defense & Ed. Fund, Inc.,* 473 U.S. 788, 806 (1985); *Good News Club v. Milford Cent. Sch.,* 533 U.S. 98, 106–07 (2001).

Viewpoint discrimination is an "egregious form of content discrimination." *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 829 (1995). Rather than aiming at an entire subject, it "targets ... particular views taken by speakers." *Id.* And that violates the First Amendment's most basic promise.  *See Texas v. Johnson*, 491 U.S. 397, 414 (1989) (collecting cases). So in any forum, "[t]he government must abstain from regulating speech when the specific motivating ideology or the opinion or perspective of the speaker is the rationale for the restriction." *Rosenberger*, 515 U.S. at 829; *Ne. Pennsylvania Freethought Soc'y v. Cty. of Lackawanna Transit Sys*., 938 F.3d 424, 432 (3d Cir. 2019).  Under the First Amendment, differential impact alone is not sufficient evidence of unconstitutional viewpoint discrimination.  *Brown v. City of Pittsburgh,* 586 F.3d 263 (3d Cir. 2009).

The United States Supreme Court recently explained the nuances of viewpoint discrimination as follows:

> While the line between viewpoint-based and viewpoint-neutral content discrimination can be "slippery," it is in any event clear that a regulation is not viewpoint discriminatory (or even content discriminatory) simply because it has an "incidental effect" on a certain subset of views. Some people, for example, may

have the viewpoint that society should be more sexually liberated and feel that they cannot express that view sufficiently without the use of pornographic words or images. That does not automatically make a restriction on pornography into viewpoint discrimination, despite the fact that such a restriction limits communicating one's views on sexual liberation in that way.

Restrictions on particular modes of expression do not inherently qualify as viewpoint discrimination; they are not by nature examples of the government target[ing] ... particular views taken by speakers on a subject. For example, a ban on lighting fires in the town square does not facially violate the First Amendment simply because it makes it marginally harder for would-be flag-burners to express their views in that place. By the same token, fighting words are categorically excluded from the protection of the First Amendment not because they have no content or express no viewpoint (often quite the opposite), but because "their content embodies a particularly intolerable (and socially unnecessary) mode of expressing whatever idea the speaker wishes to convey.

*Iancu v. Brunetti*, 139 S. Ct. 2294, 2313–14 (2019) (internal citations omitted).

Plaintiffs' Complaint fails to identify any specific facts to support their bald conclusions that their speech was restricted based upon their viewpoint when the District applied Policies 903 and 922 during Board meetings.  Rather, Plaintiffs are complaining that the enforcement of Policies 903 and 922 have had incidental effects on their speech.  This is made clear by the numerous allegations in the Complaint that Plaintiffs continued to submit comments at Board meeting even after their speech was not accepted by the District.  This is also supported by the allegations that Plaintiffs have made public comments on multiple occasions that clearly identify and set forth their viewpoints and said comments were not rejected by the District.  Simply put, Plaintiffs' disagreement with the District's decision to restrict certain speech in limited instances does not amount to viewpoint discrimination.  Accordingly, since the Complaint does not set forth sufficient facts to support Plaintiffs' conclusory statement that Defendants engaged in viewpoint discrimination, the Complaint must be dismissed in its entirety.

Moreover, to the extent that Plaintiffs argue that the facts and circumstances surrounding the video of the March 18, 2021 meeting and Marshall's comments made at same, any such argument is misplaced for several reasons.  First, Marshall was permitted to make his comments

in their entirety at the March 18, 2021 Board meeting.  Next, the video of the meeting that was subsequently made available to the public is not attached to the official meeting minutes, and therefore, is not part of the official record of the meeting.  Moreover, the District's act of editing Marshall's comments out of the video recording of a school board meeting cannot serve as a basis for viewpoint discrimination under Section 1983.  See *Anderson v. Hansen*, 519 F. Supp. 3d 457 (E.D. WI February 12, 2021).  Although not binding, the District Court in *Anderson* opined and concluded that a school district's act of editing citizen's comments out of video before publishing video on internet was government speech and therefore not actionable on a citizen's Section 1983 First Amendment claim.  *Id.* at 467.  Defendants ask the Court to apply the same rationale here and conclude that the editing of the video of the March 18, 2021 cannot be relied upon to support any claim against any Defendant.

> **B.     Individual Defendants are entitled to qualified immunity because they did not violate any rights of Plaintiff that were clearly established at the time of the alleged violations.**

A defendant sued under § 1983 is entitled to qualified immunity unless it is shown that the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct.  *Plumhoff v. Rickard*, 572 U.S. 765, 776 (2014), *citing Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011); *Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.,* 877 F.3d 136, 142-3 (3d Cir. 2017). Qualified immunity balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly, and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).  Because qualified immunity results in immunity from suit, it should be determined as early as possible whether officials are entitled to its protection. *Thomas v. Ind. Twp.,* 463 F.3d 285, 291 (3d Cir. 2006).

Further, to deprive a Section 1983 defendant of qualified immunity, the federal right alleged to have been violated must have been clearly established, not merely as a broad general proposition, but in light of the specific context of the case. *Mullenix v. Luna*, 577 U.S. 7, 11-12 (2015). The Supreme Court has "repeatedly stressed" that courts must not define clearly established law at a high level of generality, since doing so avoids the "crucial question" whether the official acted reasonably in the particular circumstances that he or she faced. *D.C. v. Wesby*, 138 S. Ct. 577, 199 L. Ed. 2d 453 (2018); *Saucier v. Katz*, 533 U.S. 194, 202 (2001). A rule is too general if the unlawfulness of the conduct "does not follow immediately from the conclusion that [the rule] was firmly established." *Wesby, supra*. Thus, qualified immunity provides government officials with "leeway in applying difficult or murky law." *Carlino v. Gloucester High Sch.*, 57 F. Supp.2d 1, 33-34 (D.N.J. 1999), *aff'd in part*, 44 F. App'x 599 (3d Cir. 2002), *citing Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

Here, Defendants Michael P. Clarke, Esq., Peter C. Amuso, Esq., Cherrissa Gibson, Christine Toy-Dragoni, Joshua Waldorf, Sherwood (Chip) Taylor, Howard Goldberg, T.R. Kannan, Michael Pallotta, Linda Palsky, Gary Sanderson, Debra Wachspress and Ann Langtry ("Individual Defendants") are entitled to qualified immunity because it was not clearly established that enforcement of Policies 903 and 922 in a non-discriminatory manner at Board meetings during the COVID-19 Pandemic could lead to a potential violation of Plaintiffs' constitutional rights. Individual Defendants were in a novel situation caused by the COVID-19 Pandemic which changed the manner in which public comments were submitted to the Board. None of the Individual Defendants violated a right that was clearly established at the time their conduct took place. It is sufficient to recognize that Individual Defendants could have reasonably believed that the First Amendment permitted him or her to take every action, to the extent that an Individual Defendant took any action at all, with respect to the application of Policies 903 and 922 during the COVID-

19 Pandemic.  Thus, Individual Defendants must be afforded qualified immunity at this stage of the proceedings and dismissed from the litigation.

  **C.**  **Individual Defendants must be dismissed because there are no allegations that they had sufficient personal involvement in any violation of any of Plaintiffs' constitutional rights.**

  A defendant in a civil rights action must, in any case, have personal involvement in the alleged wrongs.  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988), *citing Parratt v. Taylor,* 451 U.S. 527, 537 n.3 (1981).  Allegations of participation or actual knowledge and acquiescence must be made with appropriate particularity.  *Rode, supra*.  General authority to enforce the applicable law is not sufficient to make government officials the proper parties to litigation challenging the law.  *Id.* at 1208.

  Individual Defendants Clarke, Gibson, Taylor, Goldberg, Kannan, Pallotta, Palsky, Sanderson, Wachspress and Langtry must be dismissed because there are insufficient allegations of their personal involvement in the alleged violation of Plaintiffs' constitutional rights.  Although there are allegations that Solicitor Clarke made comments regarding the First Amendment, there are no specific allegations that he acted in a manner which directly resulted in the restriction of any speech of any Plaintiff.

  Defendants Gibson and Langtry, in addition to not having had any personal involvement in the alleged restrictions of Plaintiff speech, are administrative employees and have no decision-making or policymaking authority as a matter of law.  The Complaint alleges merely that they asked decision makers to act.  "[O]nly those municipal officials who have 'final policymaking authority' may by their actions subject the government to § 1983 liability. *Id.,* at 483, 106 S.Ct., at 1300 (plurality opinion)."  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123, 108 S. Ct. 915, 924, 99 L. Ed. 2d 107 (1988).

There are zero (0) allegations against Defendants Pallotta, Taylor and Sanderson.  There is a single allegation against Defendant Palsky that she said "well put." (ECF 1, ¶ 99).  Defendant Kannan is only alleged to have explained Policy 903 to Plaintiff Abrams.  (ECF 1, ¶ 40).  Defendant Goldberg's involvement is limited to allegedly making a comment that offensive comments should not be read into the record.  (ECF 1, ¶ 44).  Defendant Wachspress merely expressed thanks to Amuso at the May 20, 2021 Board meeting.  (ECF 1, ¶ 98).  These limited allegations do not establish the requisite personal involvement necessary for a Section 1983 claim.  Accordingly, Individual Defendants Clarke, Gibson, Taylor, Goldberg, Kannan, Pallotta, Palsky, Sanderson, Wachspress and Langtry must be dismissed.

### D.    Plaintiff Simon Campbell must be dismissed as a party because he does not have standing and/or has not suffered any identifiable harm.

There are no allegations that Plaintiff Simon Campbell has had his speech restricted by any Defendant in any manner.  To the contrary, the Complaint alleges that Campbell made comments at the June 17, 2021, including referring to Defendant Toy-Dragoni as Mussolini, before he was warned about violating Policy 903 by Defendant Clarke.  (ECF 1, ¶¶ 103, 104).  There are no other allegations specifically identifying any other action and/or speech by Campbell in the Complaint.

Standing under Article III of the U.S. Constitution has three requirements: "(1) an injury in fact that is actual and imminent, not 'conjectural' or 'hypothetical'; (2) a causal connection between the injury and the conduct complained of—the injury must be fairly traceable to the challenged conduct of the defendant; and (3) a showing that it is likely, as opposed to merely speculative, that a favorable decision will redress the injury." *McBride v. Cahoone,* 820 F.Supp.2d 623, 633 (E.D. Pa. 2011) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992)); *Rosembert v. Borough of E. Lansdowne*, 14 F. Supp. 3d 631, 648–49 (E.D. Pa. 2014).  "While a Section 1983 plaintiff's allegation that he has suffered from unconstitutional practices may be

sufficient to establish standing to sue for damages, '[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief [.]' " *Brown v. Fauver,* 819 F.2d 395, 400 (3d Cir.1987) (internal quotation omitted).

Here, there are no plausible allegations that Plaintiff Simon Campbell suffered any harm as a result of any conduct of any Defendant.  Campbell is not alleged to have any injury in fact that is actual and imminent.  At most, any claims are hypothetical in that he believes that he might have his First Amendment rights violated at some time in the future.  These allegations are conjectural and speculative at best and are not sufficient to establish legal standing.  Therefore, Plaintiff Simon Campbell must be dismissed based upon the allegations of the Complaint.

### E.       Counts I, III, V, VI, VII, VIII, IX and X of the Complaint must be dismissed because District Policies 922 and 903 are constitutional on their face.

Counts I, III, V, VI, VIII, IX and X are various facial challenges to District Policies 903 and 922.  As a general matter, a court will not invalidate a statute on its face simply because it may be applied unconstitutionally, but only if it cannot be applied consistently with the Constitution; thus, a facial challenge will succeed only if the statute is unconstitutional in every conceivable application, or it seeks to prohibit such a broad range of protected conduct that it is constitutionally overbroad.  *Brown v. City of Pittsburgh,* 586 F.3d 263 (3d Cir. 2009). A regulation is unconstitutional on its face on overbreadth grounds where there is a "a likelihood that the statute's very existence will inhibit free expression" by "inhibiting the speech of third parties who are not before the Court." *Members of City Council v. Taxpayers for Vincent*, 466 U.S. 789, 799 (1984). To render a law unconstitutional, the overbreadth must be "not only real but substantial in relation to the statute's plainly legitimate sweep." *Broadrick v. Oklahoma*, 413 U.S. 601, 615 (1973); *Saxe v. State Coll. Area Sch. Dist.,* 240 F.3d 200, 214 (3d Cir. 2001).  Furthermore, a Court should only

strike down a school district policy as unconstitutionally vague "when the vagueness is especially problematic." *Bethel Sch. Dist. v. Fraser*, 478 at 675, 686 (1986).

The Court must also determine whether Policies 903 and 922 are susceptible to a reasonable limiting construction: "the elementary rule is that every reasonable construction must be resorted to, in order to save a statute from unconstitutionality." *Stretton v. Disciplinary Bd. of the Supreme Court of Pennsylvania*, 944 F.2d 137, 144 (3d Cir.1991) (citations omitted); *see also Hoffman Estates v. Flipside, Hoffman Estates*, 455 U.S. 489, 494 n. 4 (1982) ("In evaluating a facial challenge to a state law, a federal court must, of course, consider any limiting construction.")

Initially, and as discussed in part, *supra*, it is important to note that the Complaint fails to set forth any specific allegations that the policy discriminates against any particular viewpoint. Moreover, based upon a plain reading of Policies 903 and 922, there is clearly no language in either that identifies any particular viewpoint, political affiliation, etc. that is not permitted. The Complaint does not, and cannot, allege that Policies 903 and 922 are unconstitutional in every conceivable application. *Brown, supra.* Nor do Plaintiffs claim with any specificity that Policies 903 and 922 prohibit such a broad range of protected conduct that it is constitutionally overbroad. *Id.* Rather, Plaintiffs correctly allege that Policy 903 merely provides that speech that is personally directed, obscene, abusive and/or irrelevant is not permitted, which is reasonable and viewpoint neutral. The policy is not vague and has not been problematic in that there were, at most, only handful of instances where speech has found to have violated Policies 903 and/or 922. Since Policies 903 and 922 can be applied in a constitutional, non-discriminatory manner based upon their face, Plaintiffs' claims challenging Policies 903 and 922 as set forth in Counts I, III, V, VI, VII, VIII, IX and X must be dismissed.

**F.     Counts II and IV of the Complaint must be dismissed because District Policies 922 and 903 were applied in constitutional manner.**

Counts II and IV of the Complaint can be construed as an as-applied challenge based on the selective enforcement of Policies 903 and 922.  While Plaintiffs may bring an as-applied challenge to a facially constitutional policy, such a challenge remains subject to the constraints of *Monell.  Porter v. City of Philadelphia*, 975 F.3d 374, 391 (3d Cir. 2020).  A municipality's liability for an alleged First Amendment violation must be based upon a policy or custom of the municipality rather than upon the act of an individual employee. *Id.* at 382.  Accordingly, when a First Amendment challenge is brought against a municipality, the Court must first determine what official policy or custom is at issue for the purposes of Section 1983, and then identify and apply the correct First Amendment principles to that policy based on the nature and use of the government owned or controlled forum where the speech occurred. *Id.*

As the Third Circuit Court of Appeals in *Porter* explained:

> In *Brown v. City of Pittsburgh*, a woman alleged that a facially valid ordinance creating a protest-free buffer-zone around abortion clinics was unconstitutional as applied to her because the Pittsburgh police were selectively enforcing it against her for expressing her pro-life views. In addressing her *Monell* claim, we explained that: "to establish municipal liability for selective enforcement of a facially viewpoint-and content-neutral regulation, a plaintiff whose evidence consists solely of the incidents of enforcement ... must establish a pattern of enforcement activity evincing a governmental policy or custom of intentional discrimination on the basis of viewpoint or content." "[O]ne enforcement incident cannot meet the burden of proof imposed by *Monell*." We further clarified that a plaintiff "must prove not merely that the weight of ... the Ordinance has tended to fall more heavily on those who advocate one viewpoint (e.g., a pro-life view) than on those who advocate another (e.g., a pro-choice view)[,]" but also that "such enforcement occurred *because of* the viewpoint expressed." In other words, a plaintiff must "show an intent to discriminate on the basis of viewpoint" by those enforcing the statute. The plaintiff in *Brown* failed to establish any such "pattern of unlawful favoritism" based on the two times that the police enforced the ordinance against her.

*Porter v. City of Philadelphia*, 975 F.3d 374, 391–92 (3d Cir. 2020) (footnote omitted).

Here, like *Brown*, there were, at most, a few instances during which Policies 903 and 922 were applied by the District to speech of the Plaintiffs.  Specifically, Plaintiff Abrams claims that he was restricted from submitting comments in some manner on only four (4) occasions: December 17, 2020, January 21, 2021, March 4, 2021, and May 20, 2021.  Plaintiff Marshall had Policy 903 and 922 applied against his speech on two (2) occasions: 1) after the speech was made and not in violation of any applicable law, as discussed, *supra*, and 2) May 20, 2021.  Plaintiff Daly had three (3) instances where the subject Policies were applied against his speech: December 17, 2020, January 21, 2021, and May 20, 2021.  Plaintiff Campbell did not have any of his speech restricted and, therefore, he has not been subject to any application of Policies 903 and 922.

Furthermore, and perhaps most importantly, the Complaint alleges that Plaintiff Abrams, Daly and Marshall submitted comments both before and after application of Policies 903 and 922 at Board meetings held on the dates identified above.  Plaintiffs have not set forth any specific facts of any alleged intent that Defendants have discriminated against them based upon any viewpoint.  Rather, Plaintiffs merely disagree with the result of the application of Policies 903 and 902 on a handful of occasions.  Since Plaintiffs have not alleged and cannot prove a "pattern of unlawful favoritism," Counts II and IV must be dismissed. *Brown*, *supra*.

## G.    Count VII of the Complaint attempting to set forth a claim for conspiracy pursuant to Section 1983 must be dismissed.

Although not entirely clear, Count VII of the Complaint appears to attempt to set forth a claim for conspiracy under Section 1983 against all Defendants. In order to state a claim for conspiracy under Section 1983, "a plaintiff must establish (1) the existence of a conspiracy involving state action; and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." *Gale v. Storti,* 608 F.Supp.2d 629, 635 (E.D.Pa. 2009) (quoting *Pfannstiel v. City of Marion,* 918 F.2d 1178, 1187 (5th Cir.1990) (abrogated on other grounds)). A plaintiff

13

must allege that there was an agreement or meeting of the minds to violate his constitutional rights. *Id.* (citing *Startzell v. City of Philadelphia,* 533 F.3d 183, 205 (3d Cir. 2008)).

"To withstand a motion to dismiss, a complaint alleging a civil rights conspiracy should identify with particularity the conduct violating plaintiffs' rights, the time and place of these actions, and the people responsible therefor." *DeJohn v. Temple University,* 2006 WL 2623274, at *5 (E.D. Pa. 2006) (quoting *Boddorff v. Publicker Indus., Inc.,* 488 F.Supp. 1107, 1112 (E.D. Pa. 1980)). Specific allegations of an agreement to carry out the alleged chain of events is essential in stating a claim for conspiracy. *Spencer v. Steinman,* 968 F.Supp. 1011, 1020 (E.D. Pa. 1997). "It is not enough that the end result of the parties' independent conduct caused plaintiff harm or even that the alleged perpetrators of the harm acted in conscious parallelism." *Id.*

Plaintiffs have largely made boilerplate assertions that the Defendants have engaged in a conspiracy to violate their First Amendment rights. There are no specific allegations regarding any agreement whatsoever.  There are no allegations as to when any agreement was formed, the agreed upon conduct, and/or the scope and length of the agreement. Rather, Plaintiffs merely set forth bald conclusions throughout their Complaint, culminating in Count VII that various parties intended to conspire to violate their First Amendment rights.  These assertions do not provide sufficient facts to support claims that Defendants formally agreed to violate Plaintiffs' constitutional rights.  Accordingly, Count VII of the Complaint must be dismissed on this basis alone.

Moreover, Plaintiffs cannot succeed on their conspiracy claim because they cannot claim that there were two or more conspirators.  *Lee v. SEPTA,* 418 F. Supp. 2d 675, 681 (E.D. Pa. 2005) ("An employer and its officers and employees acting in the scope of their duties constitute one legal person for purposes of conspiracy law and therefore cannot conspire together."); *Lackner v. Glosser*, 892 A.2d 21, 35 (Pa. Super. Ct. 2006) (explaining that "agents of a single entity cannot

conspire among themselves").   Additionally, Plaintiffs' conspiracy claims are barred by the intracorporate conspiracy doctrine, which provides that "an entity cannot conspire with one who acts as its agent." *Gen Refractories Co. v. Fireman's Fund Ins. Co.,* 337 F.3d 297, 313 (3d Cir. 2003).   Pennsylvania's intracorporate conspiracy doctrine applies to federal civil rights conspiracy claims such as those now being raised by Plaintiffs. *Shingara v. Skiles,* 274 Fed.Appx. 164, 168 (3d Cir. 2008); *Lewis-Bey v. Delaware Cty.,* 2018 WL 1518807, at *6 (E.D. Pa. 2018).   Thus, Count VII must be dismissed with prejudice.

### H.     The official capacity claims against Individual Defendants merge with claims against the District as a matter of law.

The Complaint attempts to set forth claims against the Individual Defendants in their official capacities.   However, the Individual Defendants are part of the District itself. See *Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985) (Section 1983 suits against individuals in their official capacity "represent only another way of pleading an action against an entity of which an officer is an agent.") (citation omitted).   Therefore, Plaintiffs' claims against Individual Defendants in their official capacities are redundant of the claims Plaintiffs' assert against the District. See *Brice v. City of York*, 528 F.Supp.2d 504, 516 n. 19 (M.D. Pa. 2007) ("claims against state officials in their official capacities merge as a matter of law with the municipality that employs them."); *Burton v. City of Phila.,* 121 F.Supp.2d 810 (E.D. Pa. 2000); *Donovan v. Pittston Area School Dist.,* 2015 WL 3771420, *5 (M.D. Pa. 2015) (Court dismissed with prejudice plaintiff's claims against board members of school district in their official capacity as redundant of claims against school district); *Hill v. Bor. of Kutztown*, 455 F.3d 225, 233 n. 9 (3d Cir. 2006).   Thus, all claims against all Individual Defendants must be dismissed with prejudice because any amendment would be futile.

I.      **Defendants Clarke and Amuso must be dismissed because they are not state actors for which individual liability can attach for purposes of a Section 1983 claim.**

The Complaint attempts to assert claims against Defendants Clarke and Amuso.  Michael Clarke is the Solicitor for the District and Peter Amuso is the Assistant Solicitor for the District. Plaintiffs' claims against Defendants Clarke and Amuso must be dismissed because they are not state actors as a matter of law and there are no viable claims otherwise asserted against them.

"It is often said that lawyers are 'officers of the court.' But the Courts of Appeals are agreed that a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk County v. Dodson,* 454 U.S. 312, 318–19 (1981). Further, the Third Circuit Court of Appeals has stated that:

> [a]lthough states license lawyers to practice, and although lawyers are deemed "officers of the court," this is an insufficient basis for concluding that lawyers act under color of state law for the purposes of 42 U.S.C. § 1983. Liability under 42 U.S.C. § 1983 cannot be predicated solely on the state's licensing of attorneys. Participation in a highly regulated profession does not convert a lawyer's every action into an act of the State or an act under color of state law.

*Henderson v. Fisher,* 631 F.2d 1115, 1119 (3d Cir. 1980).

Nevertheless, Clarke and Amuso acknowledge that although they are not treated as state actors for purposes of the U.S. Constitution or § 1983 solely because they are attorneys, they "may be held liable under Section 1983 only if they have engaged in 'joint activity' with" those Defendants who in fact *are* state actors.  *Mikhail v. Kahn,* 991 F. Supp. 2d 596, 644 (E.D. Pa. 2013), *aff'd,* 572 F. App'x 68 (3d Cir. 2014).  "[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Great W. Mining & Mineral Co. v. Fox Rothschild, LLP,* 615 F.3d 159, 178 (2010). A conspiracy is not parallel conduct by different parties; it must embody, at its heart, "an agreement between the defendants and state officials—a 'meeting of the minds'—to violate the plaintiff's rights."

*Chambers v. Phila. Media Network,* No. 11–6589, 2013 WL 4857995, at *3 (E.D. Pa. Sept. 12, 2013) (quoting *Zenquis v. City of Philadelphia,* 861 F.Supp.2d 522, 528–29 (E.D. Pa. 2012) (citing *Startzell v. City of Philadelphia,* 533 F.3d 183, 205 (3d Cir.2008))). And the law is clear that the plaintiff must plead more than legal conclusions of a conspiracy or agreement. Rather, for his complaint to survive a motion to dismiss, he must plead " 'enough factual matter (taken as true) to suggest that an agreement was made,' in other words, 'plausible grounds to infer an agreement.' " *Great W. Mining & Mineral Co.,* 615 F.3d at 178 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

The Complaint fails to meet the heightened standard necessary to impose personal liability against Clarke and Amuso as state actors for purposes of any Section 1983 claim asserted against them.  There are no facts alleged as to the time, place, and/or manner in which in any alleged agreement between Clarke, Amuso and/or other individuals took place.  Was the agreement written or verbal? Additionally, there are no specific allegations as to any terms of the agreement, e.g. the parties, content, objective, obligations, etc. To the contrary, the Complaint is littered with bald conclusions, speculation and mere conjecture that a conspiracy existed.  Without more, and for the reasons discussed, *supra*, the Complaint fails to allege that Clarke and Amuso conspired with Defendants to violate their constitutional rights.  Therefore, Clarke and Amuso are not state actors for which they can be held liable for the alleged Section 1983 claims.  Thus, Clarke and Amuso must be dismissed with prejudice.

**VI.**     <u>**CONCLUSION**</u>

For the good and sound reasons advanced herein and in Defendants' Motion to Dismiss, Defendants respectfully request that the Court grant their Motion to Dismiss and dismiss the case filed against them in its entirety.

Respectfully Submitted,

SWEET, STEVENS, KATZ & WILLIAMS LLP

Date: <u>November 3, 2021</u>          By:  <u>*/s/ Gary H. Dadamo*</u>
Gary H. Dadamo, Esquire, Atty. I.D. # 93292
331 E. Butler Avenue, P. O. Box 5069
New Britain, Pennsylvania  18901
(215) 345-9111 – Office / (215) 348-1147 – Facsimile
Attorney for Defendants,
Peter C. Amuso, Michael P. Clarke, Pennsbury School District, Cherrissa Gibson, Christine Toy-Dragoni, Joshua Waldorf, Sherwood (Chip) Taylor, Howard Goldberg, T.R. Kannan, Michael Pallotta, Linda Palsky, Gary Sanderson, Debra Wachspress and Ann Langtry

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DOUGLAS MARSHALL, SIMON CAMPBELL, ROBERT ABRAMS, AND TIMOTHY DALY, | : : : | |
| Plaintiffs, | : | Civil Action No. 2:21-cv-04336 |
| | : | |
| v. | : | |
| | : | Honorable Gene E.K. Pratter |
| PETER C. AMUSO, et al. | : : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

  I, Gary H. Dadamo, Esquire, counsel for the Defendants, hereby certify that a true and correct copy of the foregoing Brief in Support was served through the Court's ECF filing system upon counsel of record.

         SWEET, STEVENS, KATZ & WILLIAMS LLP

Date: <u>November 3, 2021</u>   By: <u>*/s/ Gary H. Dadamo*</u>
           Gary H. Dadamo, Esquire, Atty. I.D. # 93292
           331 E. Butler Avenue, P. O. Box 5069
           New Britain, Pennsylvania 18901
           (215) 345-9111 – Office / (215) 348-1147 – Facsimile
           Attorney for Defendants,
           Peter C. Amuso, Michael P. Clarke, Pennsbury School
           District, Cherrissa Gibson, Christine Toy-Dragoni,
           Joshua Waldorf, Sherwood (Chip) Taylor, Howard
           Goldberg, T.R. Kannan, Michael Pallotta, Linda Palsky,
           Gary Sanderson, Debra Wachspress and Ann Langtry