IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS MARSHALL, et al., *Plaintiffs* | : : : | CIVIL ACTION |
| v. | : : | |
| PETER C. AMUSO, et al., *Defendants* | : : : | No. 21-4336 |

### MEMORANDUM

PRATTER, J.                                                                                                                               DECEMBER 14, 2021

Harold Kupermit[1] seeks to intervene in a lawsuit filed by four residents of Pennsbury School District against the Pennsbury School Board and several officials. He seeks intervention by right, or in the alternative, by this Court's permission. Because Mr. Kupermit has failed to establish a cognizable interest in this litigation for purposes of either form of intervention, his motion will be denied.

### BACKGROUND

This is a First Amendment case brought by four Pennsbury School District residents alleging that the School Board and certain Pennsbury officials violated their free speech rights. Each plaintiff spoke at a School Board meeting where Pennsbury School Board Policies 903 and 922 were applied to interrupt or terminate his speech, or edit the video of his remarks posted on the Board's website. The plaintiffs initiated this litigation on October 1, 2021 and filed a motion for a preliminary injunction on October 8, 2021.

This Court granted the preliminary injunction on November 17, 2021 following a hearing. On the same day, Mr. Kupermit filed a motion to intervene. In his motion, Mr. Kupermit asserts that he is "an active/trusted/concerned/controversy [sic] member of our community since 2010 as

---

[1] Mr. Kupermit signed his motion as "Harold Kupersmit," but his last name is spelled on the docket as "Kupermit" based on the spelling on his mail return address.

an individual for creating the best environment for involvement in the affairs of [his] adopted grand/great children." Doc. No. 51 ¶ 64. He asserts that voters and residents "have a substantial legal interest in the subject matter of this case" that the existing parties cannot protect. *Id.* ¶¶ 7–8. Mr. Kupermit seeks intervention by right or, in the alternative, by permission. Both the plaintiffs and defendants filed briefs opposing Mr. Kupermit's motion to intervene.

## ANALYSIS

Federal Rule of Civil Procedure 24 governs the right to intervene. Under Rule 24, a person who is not a party to a suit, but who wishes to become a party, may move to intervene and join in another's lawsuit. Rule 24 provides two kinds of intervention: (1) intervention of right and (2) permissive intervention. Mr. Kupermit seeks both forms of intervention, so the Court will discuss each in turn.

### I. Intervention by Right

A party may intervene by right if (1) provided for by an applicable federal statute or (2) he or she "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). "'[T]he interest must be a legal interest as distinguished from interests of a general and indefinite character." *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995) (internal quotation omitted). "The most important factor in determining adequacy of representation is how the interest of the absentee compares with the interest of the present parties." *Id.* (quoting 7C Wright, Miller & Kane, *Federal Practice & Procedure* § 1908, at 263 (1986)).

2

Mr. Kupermit asserts no legal interest related to the free speech claims at issue in this litigation. He generally seeks "to protect the interests of our constituents." Doc. No. 51 ¶ 59. He does not assert that he has ever spoken at a Pennsbury School Board meeting or that either Policy 903 or 922 has ever been applied to interrupt or terminate his speech. Instead, he describes political grievances on behalf of voters and residents generally. *See e.g., id.* ¶¶ 18–19, 24. Because he fails to assert "a legal interest as distinguished from interests of a general and indefinite character," *Mountain Top Condo. Ass'n*, 72 F.3d at 366, Mr. Kupermit is not entitled to intervention by right.

## II.     Permissive Intervention

In the alternative, Mr. Kupermit asks the Court to exercise its discretion to allow permissive intervention. Permissive intervention is available if the movant "is given a conditional right to intervene by a federal statute" or "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). "[T]he court should consider various factors, including whether the proposed intervenors will add anything to the litigation and whether the proposed intervenors' interests are already adequately represented in the litigation." *Benjamin v. Dep't of Pub. Welfare of Commw.*, 267 F.R.D. 456, 465 (M.D. Pa. 2010), *aff'd*, 432 F. App'x 94 (3d Cir. 2011). If "the interests of the applicant in every manner match those of an existing party and the party's representation is deemed adequate, the district court is well within its discretion in deciding that the applicant's contributions to the proceedings would be superfluous and that any resulting delay would be 'undue.'" *Hoots v. Commw. of Pa.*, 672 F.2d 1133, 1136 (3d Cir. 1982).

Mr. Kupermit's *pro se* motion does not specify whether he seeks to intervene as a plaintiff or defendant. Given that his generalized grievances are against the defendant Pennsbury School

3

Board, the Court will construe his motion as seeking to intervene as a plaintiff. The only allegations that the Court can divine from the motion are that he "requested certain information from Mr. Daniel Rodgers, Pennsbury School District Business Manager" and "the Board has refused to comply," Doc. No. 51 ¶¶ 15–16, and that "parents are entitled to ask pertinent questions on what is being taught," *id.* ¶ 20. Mr. Kupermit cites no legal basis, generally arguing that the "information would have resulted in the Pennsbury [School District] being better at the education of [his] adopted gr. children." *Id.* ¶ 17. Mr. Rodgers is not a party to this suit and, to the extent Mr. Kupermit alleges that the School Board has failed to fulfill Freedom of Information Act disclosure obligations, such claims are not related to this free speech litigation and do not share "a common question of law or fact." Fed. R. Civ. P. 24(b).

As for his statement that "parents are entitled to ask pertinent questions on what is being taught," which could be construed as a speech-related issue, Mr. Kupermit fails to support his general claim that the current parties do not adequately represent his interests. Allowing Mr. Kupermit to intervene would not "add anything" to this litigation. *Benjamin*, 267 F.R.D. at 465. Because the Court has already granted a preliminary injunction and the parties have briefed a motion to dismiss, allowing Mr. Kupermit to insert "superfluous" claims would cause an undue delay in the timely resolution of this case. *Hoots*, 672 F.2d at 1136.

## CONCLUSION

For the foregoing reasons, the Court denies Mr. Kupermit's motion to intervene. An appropriate order follows.

BY THE COURT:

_____
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE