## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS MARSHALL, SIMON CAMPBELL, ROBERT ABRAMS, AND TIMOTHY DALY, | : : : | |
| Plaintiffs, | : | Civil Action No. 2:21-cv-04336 |
| | : | |
| v. | : | |
| | : | Honorable Gene E.K. Pratter |
| | : | |
| PETER C. AMUSO, et al. | : | |
| Defendants. | : | JURY TRIAL DEMANDED |

### ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES OF DEFENDANTS PETER AMUSO AND MICHAEL CLARKE

AND NOW, come Defendants, Peter C. Amuso, Esq. and Michael P. Clarke, Esq. ("Answering Defendants"), by and through their attorneys, Sweet, Stevens, Katz & Williams, LLP, and hereby respond to the Complaint filed against them and others, with the following responses and averments together with Affirmative Defenses:

### INTRODUCTION

Denied. No response is required under the relevant Federal Rules of Civil Procedure. To the extent that a response is deemed required, the factual averments of this paragraph are denied. No response is necessary to the legal conclusions of this section. By way of further response, on November 19, 2020, Policy 903 was updated to clarify certain provisions regarding, among other things, the two public comment periods during meetings. Policy 903 was formed based upon a standard policy that was prepared by the Pennsylvania School Boards Association and circulated to school districts in the Commonwealth of Pennsylvania for consideration and potential adoption. Since the filing of the Complaint, Policy 903 has been replaced and Policy 922 has been repealed. No current policies of the District violate the First Amendment rights of any Plaintiff. Therefore, Plaintiffs' claims have been rendered moot.

THE PARTIES

1.  Admitted upon information and belief.

2.  Admitted upon information and belief.

3.  Admitted upon information and belief.

4.  Admitted upon information and belief.

5.  Admitted in part.  Denied in part.  It is admitted only that Amuso was and is the Assistant Solicitor for the Pennsbury School District.  The remaining averments of this paragraph are denied.  By way of further response, the official capacity claims merge with the claims against the District.

6.  Admitted in part.  Denied in part.  It is admitted only that Clarke was and is the Solicitor for the Pennsbury School District.  The remaining averments of this paragraph are denied. By way of further response, the claims for official capacity merge with the claims against the District.

7.  Admitted.

8.  Admitted in part.  Denied in part.  It is admitted only that Gibson is Pennsbury's Director of Equity, Diversity, and Education.  The remaining averments of this paragraph are denied.  By way of further response, the official capacity claims merge with the claims against the District.

9.  Denied.  Toy-Dragoni is no longer a Director of the Pennsbury School Board and has not been since December 2021.  The remaining averments of this paragraph are denied to the extent that a response is deemed necessary.  By way of further response, the official capacity claims merge with the claims against the District.

10. Admitted in part. Denied in part. It is admitted that Waldorf is a member of the School Board. It is denied that he is currently Vice President. The remaining averments of this paragraph are denied to the extent that a response is deemed necessary. By way of further response, the official capacity claims merge with the claims against the District.

11. Admitted in part. Denied in part. It is admitted that Taylor is a member of the School Board. It is denied that he is currently Assistant Secretary. The remaining averments of this paragraph are denied to the extent that a response is deemed necessary. By way of further response, the official capacity claims merge with the claims against the District.

12. Denied. Goldberg is not currently a member of the School Board. The remaining averments of this paragraph are denied to the extent that a response is deemed necessary. By way of further response, the official capacity claims merge with the claims against the District.

13. Denied as stated. Kannan is a member of the School Board. The remaining averments of this paragraph are denied to the extent that a response is deemed necessary. By way of further response, the official capacity claims merge with the claims against the District.

14. Denied. Pallotta is not currently a member of the School Board. The remaining averments of this paragraph are denied to the extent that a response is deemed necessary. By way of further response, the official capacity claims merge with the claims against the District.

15. Admitted only that Palsky is a member of the School Board. The remaining averments of this paragraph are denied to the extent that a response is deemed necessary. By way of further response, the official capacity claims merge with the claims against the District.

16.  Admitted only that Sanderson is a member of the School Board.  The remaining averments of this paragraph are denied to the extent that a response is deemed necessary.  By way of further response, the official capacity claims merge with the claims against the District.

17.  Denied.  Wachspress is not currently a member of the School Board.  The remaining averments of this paragraph are denied to the extent that a response is deemed necessary.  By way of further response, the official capacity claims merge with the claims against the District.

18.  Denied.

## JURISDICTION AND VENUE

19. Denied.  No response is necessary as the averments of this paragraph are conclusions of law and therefore the same are denied.

20. Admitted.

## STATEMENT OF FACTS

21. Denied.  Policy 903 is a document that speaks for itself and any characterizations and representations of same are therefore denied.  By way of further response, Policy 903 was replaced effective March 18, 2022.

22. Denied.  Policy 903 is a document that speaks for itself and any characterizations and representations of same are therefore denied.  By way of further response, Policy 903 was replaced effective March 18, 2022.

23. Denied.  Policy 903 is a document that speaks for itself and any characterizations and representations of same are therefore denied.  By way of further response, Policy 903 was replaced effective March 18, 2022.

24. Admitted in part.  Denied in part.  It is admitted only that Policy 903 was revised at the June 17, 2021 School Board meeting.  The remaining averments of this paragraph are denied in that Policy 903 is a document that speaks for itself and any characterizations and representations of same are therefore denied.  By way of further response, Policy 903 was replaced effective March 18, 2022.

25. Denied.  Policy 903 is a document that speaks for itself and any characterizations and representations of same are therefore denied.  By way of further response, Policy 903 was replaced effective March 18, 2022.

26. Denied.  Policy 903 is a document that speaks for itself and any characterizations and representations of same are therefore denied.  By way of further response, Policy 903 was replaced effective March 18, 2022.

27. Denied.  Policy 903 is a document that speaks for itself and any characterizations and representations of same are therefore denied.  By way of further response, Policy 903 was replaced effective March 18, 2022.

28. Denied.  Policy 903 is a document that speaks for itself and any characterizations and representations of same are therefore denied.  By way of further response, Policy 903 was replaced effective March 18, 2022.

29. Denied.

30. Denied.

31. Denied.

32. Denied.  Policy 903 is a document that speaks for itself and any characterizations and representations of same are therefore denied.  By way of further response, Policy 903 was replaced effective March 18, 2022.

33. Denied.  Policy 903 is a document that speaks for itself and any characterizations and representations of same are therefore denied.  By way of further response, Policy 903 was replaced effective March 18, 2022.

34. Admitted.

35. Denied.  Policy 922 is a document that speaks for itself and any characterizations and representations of same are therefore denied. By way of further response, Policy 922 was repealed on March 17, 2022.

36. Denied.  Policy 922 is a document that speaks for itself and any characterizations and representations of same are therefore denied. By way of further response, Policy 922 was repealed on March 17, 2022.

37. Admitted upon information and belief.

38. Denied as stated.  On April 20, 2020, Governor Wolf signed Act 15 of 2020 into law, which allowed school  districts in Pennsylvania to conduct their school board meetings virtually, and to provide for public participation in those meetings through public comment.  See 35 Pa.C.S. §5741(a).  See also McGrath v. Board of School Directors of the City of Scranton, 2020 WL 5904514 (Lackawanna Cty. Com. Pl. October 4, 2020) (applying Act 15 to school districts.)  From July 2020 through April 2021, the District utilized this provision of Act 15 to accept written public comment.  From July 2020 through January 2021, written comment was the exclusive method of public comment at Board meetings.  From February through April 2021, both written public comment and in-person public comment were allowed, although a member of the public could not do both. From May 2021, the District resumed in-person public comment as the exclusive method of public participation in Board meetings.  The written comments would be included on a Microsoft Excel

spreadsheet and attached to the Board meeting minutes. Members of the public were advised that they could submit comments for the next board meeting beginning forty-eight (48) hours prior to the meeting.  Initially, the deadline for submission of such comments was set for 6 p.m., but later moved to 4 p.m. to provide additional time to get the comments to the members of the Board so that they could review the comments before taking action on agenda items.

39. Admitted only that Abrams submitted comments and many were critical of Pennsbury, its school board, and various Pennsbury personnel.  By way of further response, the allegations in the comments are denied.

40. Admitted in part.  Denied in part.  It is admitted only that Abrams emailed Kannan and that Kannan replied by email.  The remaining averments of this paragraph are denied in the emails speaks for themselves and the characterizations and representations of same in this paragraph are therefore denied.

41. Admitted in part.  Denied in part.  It is admitted only that Toy-Dragoni made comments. The remaining averments of his paragraph are denied.

42. Admitted.

43. Denied.

44. Denied.

45. Admitted.

46. Admitted in part.  Denied in part.  It is admitted only that Daly's December 17, 2020 written comment was neither posted online nor read and that the District received the comment. The comments speak for themselves and the characterizations and representations of same

in this paragraph are therefore denied.  The allegations included in the comments are also denied.

47. Admitted in part.  Denied in part.  It is admitted only that Abrams' December 17, 2020 written comment was neither posted online nor read and that the District received the comment.   The comments speak for themselves and the characterizations and representations of same in this paragraph are therefore denied.  The allegations included in the comments are also denied.  By way of further response, Abrams' December 17, 2020 written comment was not accepted only because it was untimely and Mr. Abrams was advised in writing of same.

48. Admitted in part.  Denied in part.  It is admitted only that Daly submitted written comments for the January 21, 2021 Board meeting.  The comments speak for themselves and the characterizations and representations of same in this paragraph are therefore denied.  The allegations included in the comments are also denied.

49. Admitted in part.  Denied in part.  It is admitted only that Langtry emailed Daly.  The email speaks for itself and the characterizations and representations of same in this paragraph are therefore denied.

50. Admitted in part.  Denied in part.  It is admitted only that Abrams submitted written comments in advance of the January 21, 2021 School Board meeting.  The allegations included in the comments are also denied.

51. Admitted in part.  Denied in part.  It is admitted only that Langtry emailed Abrams.  The email speaks for itself and the characterizations and representations of same in this paragraph are therefore denied.

52.  Admitted in part.  Denied in part.  It is admitted only that Abrams and Daly submitted comments for the February 18, 2021 School Board meeting.  The remaining averments of this paragraph are denied.

53.  Denied.  The comments speak for themselves and the characterizations and representations of same in this paragraph are therefore denied.  The allegations included in the comments are also denied.

54.  Denied.  The comments speak for themselves and the characterizations and representations of same in this paragraph are therefore denied.  The allegations included in the comments are also denied.

55.  Denied as stated.  Over one hundred written comments accepted for the February 18, 2021 Board Meeting, including comments from Daly and Abrams were accepted, provided to the Board members before they took action on the agenda items that night, and attached as exhibits to the minutes of the meeting. The February 18, 2021, Board Meeting was to the District's first in-person meeting since the beginning of the pandemic, but was converted to fully virtual because of a snowstorm.  By way of further response, the Board stopped reading written comments at the meetings because doing so gave the appearance that the comments were coming from the Board itself and not from the member of the public who submitted the comment.

56.  Admitted in part.  Denied in part.  It is admitted that Abrams submitted written comments on or about March 4, 2021.  The remaining averments of this paragraph are denied in that the comments speaks for themselves and the characterizations and representations of same in this paragraph are therefore denied.  The allegations included in the comments are also denied.

57. Admitted in part.  Denied in part.  It is admitted only that Langtry emailed Abrams.  The email speaks for itself and the characterizations and representations of same in this paragraph are therefore denied.

58.  Admitted in part.  Denied in part.  It is admitted only that the District adopted a statement known as an Equity Vision Statement.  The remaining averments of this paragraph are denied in that the Equity Vision Statement is a written document that speaks for itself and any characterization or representation of same is therefore denied.

59. Denied.

60. Admitted.  By way of further response, the March 18, 2021 meeting was limited to comply with local and state laws regarding indoor capacity restrictions due to COVID-19.

61. Admitted.

62. Admitted.

63. Admitted.

64. Admitted.

65. Admitted.

66. Admitted.

67. Admitted in part.  Denied in part.  It is admitted only that Marshall made the comments as described in this paragraph.  The remaining averments of this paragraph are denied.

68. Admitted.

69. Admitted in part.  Denied in part.  It is admitted only that Gibson emailed Toy-Dragoni about Marshall's comments.  The email speaks for itself and the characterizations and representations of same in this paragraph are therefore denied.  The remaining averments of this paragraph are denied.

70. Denied.   The email is a writing that speaks for itself and any characterization or representation of same is therefore denied.

71. Denied.   The email is a writing that speaks for itself and any characterization or representation of same is therefore denied.

72. Denied.   The email is a writing that speaks for itself and any characterization or representation of same is therefore denied.

73. Denied.   The email is a writing that speaks for itself and any characterization or representation of same is therefore denied.

74. Denied.   The email is a writing that speaks for itself and any characterization or representation of same is therefore denied.

75. Denied.   The email is a writing that speaks for itself and any characterization or representation of same is therefore denied.

76. Admitted in part.  Denied in part.  It is admitted only that Toy-Dragoni replied to Gibson via e-mail.  The remaining averments of this paragraph are denied in that the email is a writing that speaks for itself and any characterization or representation of same is therefore denied.

77. Denied.   The email is a writing that speaks for itself and any characterization or representation of same is therefore denied.

78. Admitted in part.  Denied in part.  It is admitted only that Gibson replied to Toy-Dragoni. The remaining averments of this paragraph are denied in that the email is a writing that speaks for itself and any characterization or representation of same is therefore denied.

79. Admitted in part.  Denied in part.  It is admitted only that Langtry emailed Gibson and Gretzula.  The remaining averments of this paragraph are denied.

80. Admitted in part.  Denied in part.  It is admitted only that a recording of the March 18, 2021 meeting was edited. The remaining averments of this paragraph are denied.  By way of further response, there is no legal requirement or obligation otherwise that the District publish the video online and Plaintiffs do not have any First Amendment rights regarding same.  Plaintiffs do not have any First Amendment rights regarding the video created from the meeting.

81. Admitted in part.  Denied in part.  It is admitted only that a disclaimer was added and that the video was edited.  The remaining averments of this paragraph are denied.

82. Denied.

83. Admitted in part.  Denied in part.  It is admitted only that a statement was released.  The remaining averments of this paragraph are denied in that the statement is a writing that speaks for itself and any characterization or representation of same is therefore denied.

84. Denied.  The statement is a writing that speaks for itself and any characterization or representation of same is therefore denied.

85. Denied.  The statement is a writing that speaks for itself and any characterization or representation of same is therefore denied.

86. Denied.

87. Denied as stated.  The unedited video of the March 18, 2021 school board meeting was also published by the District with a disclaimer.

88. Admitted.

89. Admitted in part.  Denied in part.  It is admitted only that Daly and Amuso spoke at the meeting.  The remaining averments of this paragraph are denied.  Additionally, both Daly

and Abrams were given an opportunity to ask questions of Dr. Gibson after her presentation.

90. Denied.  No response is necessary as the averments of this paragraph are conclusions of law and therefore the same are denied.

91. Admitted.

92. Denied.  No response is necessary as the averments of this paragraph are conclusions of law and therefore the same are denied.

93. Denied as stated.  Amuso explained to Marshall that his speech was not relevant and therefore in violation of Policy 903 at that time.

94. Denied.  No response is necessary as the averments of this paragraph are conclusions of law and therefore the same are denied.

95. Denied.  No response is necessary as the averments of this paragraph are conclusions of law and therefore the same are denied.

96. Admitted in part.  Denied in part.  It is admitted that Amuso and Abrams spoke as stated. The remaining averments of this paragraph are denied.

97. Admitted in part.  Denied in part.  It is admitted only that Gretzula made the comment as described in this paragraph.  The remaining averments of this paragraph are denied.

98. Denied.

99. Admitted.

100.    Denied.

101.    Admitted.

102.    Admitted.

103.    Admitted.

104.     Admitted in part.  Denied in part.  It is admitted only that Clark and Campbell spoke at the meeting.  The remaining averments of this paragraph are conclusions of law and therefore the same are denied.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

105.     Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

106.     Admitted in part.  Denied in part.  It is admitted only that Plaintiffs continue to speak at meetings and have not been harmed in any way.  The remaining averments of this paragraph are denied as conclusions of law to which no response is necessary.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

107.     Denied.  By way of further response, Policy 903 was revised on March 18, 2022 and there is no requirement that a person must provide a home address prior to speaking at a meeting.

COUNT ONE
RIGHTS OF FREE SPEECH, U.S. CONST. AMENDS. I, XIV, 42 U.S.C. § 1983<br>FACIAL CHALLENGE TO PENNSBURY POLICY 903, SPEECH CONTENT

108.     Answering Defendants hereby incorporate their responses and averments to Paragraphs 1 through 107 as though fully set forth herein.

109.     Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary.

110.     Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary.

111.     Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary.

112.     Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary.

113.     Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary.

114.     Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary.

115.     Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary.

116.     Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary.

117.     Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary.  By way of further response, the challenged terms do not appear in Policy 903 as revised on March 18, 2022.

118.     Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary.  By way of further response, the challenged terms do not appear in Policy 903 as revised on March 18, 2022.

119.     Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary. By way of further response, the challenged terms do not appear in Policy 903 as revised on March 18, 2022.

120.     Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary. By way of further response, the challenged terms do not appear in Policy 903 as revised on March 18, 2022.

## COUNT TWO
### RIGHTS OF FREE SPEECH, U.S. CONST. AMENDS. I, XIV, 42 U.S.C. § 1983
### AS-APPLIED CHALLENGE TO PENNSBURY POLICY 903, SPEECH CONTENT

121.     Answering Defendants hereby incorporate their responses and averments to Paragraphs 1 through 120 as though fully set forth herein.

122.     Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary.

123.     Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary.

124.     Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary.

125.     Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary.  By way of further response, the challenged terms do not appear in Policy 903 as revised on March 18, 2022.

126.     Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

127.     Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary.  By way of further response, the challenged terms do not appear in Policy 903 as revised on March 18, 2022.

## COUNT THREE
### RIGHT TO PETITION, U.S. CONST. AMENDS. I, XIV, 42 U.S.C. § 1983
### FACIAL CHALLENGE TO PENNSBURY POLICY 903, SPEECH CONTENT

128.     Answering Defendants hereby incorporate their responses and averments to Paragraphs 1 through 127 as though fully set forth herein.

129.     Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary.

130.     Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary.

131.     Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary.

132.     Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary.  By way of further response, the challenged terms do not appear in Policy 903 as revised on March 18, 2022.

133.     Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary.  By way of further response, the challenged terms do not appear in Policy 903 as revised on March 18, 2022.

134.     Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary.  By way of further response, the challenged terms do not appear in Policy 903 as revised on March 18, 2022.

135.     Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary.  By way of further response, the challenged terms do not appear in Policy 903 as revised on March 18, 2022.

COUNT FOUR
RIGHT TO PETITION, U.S. CONST. AMENDS. I, XIV, 42 U.S.C. § 1983
AS-APPLIED CHALLENGE TO PENNSBURY POLICY 903, SPEECH CONTENT

136.     Answering Defendants hereby incorporate their responses and averments to Paragraphs 1 through 135 as though fully set forth herein.

137.     Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary.

138.     Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary.  By way of further response, the challenged terms do not appear in Policy 903 as revised on March 18, 2022.

139.     Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary.  By way of further response, the challenged terms do not appear in Policy 903 as revised on March 18, 2022.

COUNT FIVE
RIGHT OF FREE SPEECH, U.S. CONST. AMENDS. I, XIV, 42 U.S.C. § 1983
FACIAL CHALLENGE TO PENNSBURY POLICY 922, CIVILITY

140.     Answering Defendants hereby incorporate their responses and averments to Paragraphs 1 through 139 as though fully set forth herein.

141.     Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary.  By way of further response, Policy 922 was repealed on March 17, 2022.

142.     Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary.  By way of further response, Policy 922 was repealed on March 17, 2022.

143.     Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary.  By way of further response, Policy 922 was repealed on March 17, 2022.

144.     Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary.  By way of further response, Policy 922 was repealed on March 17, 2022.

145.     Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary.  By way of further response, Policy 922 was repealed on March 17, 2022.

## COUNT SIX
### RIGHT TO PETITION, U.S. CONST. AMENDS. I, XIV, 42 U.S.C. § 1983
### FACIAL CHALLENGE TO PENNSBURY POLICY 922, CIVILITY

146.     Answering Defendants hereby incorporate their responses and averments to Paragraphs 1 through 145 as though fully set forth herein.

147.     Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary.  By way of further response, Policy 922 was repealed on March 17, 2022.

148.     Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary.  By way of further response, Policy 922 was repealed on March 17, 2022.

149.     Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary.  By way of further response, Policy 922 was repealed on March 17, 2022.

150.     Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary.  By way of further response, Policy 922 was repealed on March 17, 2022.

## COUNT SEVEN
### CONSPIRACY TO VIOLATE CIVIL RIGHTS
### U.S. CONST. AMENDS. I, XIV, 42 U.S.C. § 1983

151.     Answering Defendants hereby incorporate their responses and averments to Paragraphs 1 through 150 as though fully set forth herein.

152.     Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary.

153.     Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary.  To the extent that it is deemed that this paragraph includes factual averments, said averments are specifically denied with strict proof demanded.

154.     Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary.

COUNT EIGHT
RIGHT OF FREE SPEECH, U.S. CONST. AMENDS. I, XIV, 42 U.S.C. § 1983
FACIAL CHALLENGE TO PENNSBURY POLICY 903, ADDRESS DISCLOSURE

155.     Answering Defendants hereby incorporate their responses and averments to Paragraphs 1 through 154 as though fully set forth herein.

156.     Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary.

157.     Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary.  By way of further response, Policy 903 was revised on March 18, 2022 and there is no requirement that a person must provide a home address prior to speaking at a meeting.

158.     Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary.  By way of further response, Policy 903 was revised on March 18, 2022 and there is no requirement that a person must provide a home address prior to speaking at a meeting.

COUNT NINE
VAGUENESS, U.S. CONST. AMENDS. I, XIV, 42 U.S.C. § 1983
PENNSBURY POLICY 903

159.      Answering Defendants hereby incorporate their responses and averments to Paragraphs 1 through 158 as though fully set forth herein.

160.      Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary.

161.      Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary.  By way of further response, the challenged terms do not appear in Policy 903 as revised on March 18, 2022.

162.      Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary.  By way of further response, the challenged terms do not appear in Policy 903 as revised on March 18, 2022.

COUNT TEN
VAGUENESS, U.S. CONST. AMENDS. I, XIV, 42 U.S.C. § 1983
PENNSBURY POLICY 922

163.      Answering Defendants hereby incorporate their responses and averments to Paragraphs 1 through 162 as though fully set forth herein.

164.      Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary.  By way of further response, Policy 922 was repealed on March 17, 2022.

165.      Denied.  The averments of this paragraph are denied as conclusions of law to which no response is necessary.  By way of further response, Policy 922 was repealed on March 17, 2022.

WHEREFORE, Defendants, Michael P. Clarke, Esq. and Peter C. Amuso, Esq., hereby demand that the Complaint filed against them be dismissed with prejudice and judgment entered in their favor and against Plaintiffs together with costs and fees as permitted by law.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to set forth a cause of action and claim for relief against Defendants upon which relief may be granted as a matter of law.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have not suffered any harm as a result of any action of Answering Defendants.

### THIRD AFFIRMATIVE DEFENSE

Answering Defendants were not "the enforcers" of Policy 903.

### FOURTH AFFIRMATIVE DEFENSE

Answering Defendants were not "the enforcers" of Policy 922.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have not sustained any actual, compensable damages.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to an award of punitive damages, compensatory damages, consequential damages, pre or post judgment interest, declaratory relief, equitable relief, or the recovery of attorneys' fees and costs.

## SEVENTH AFFIRMATIVE DEFENSE

Policy 922 was repealed on March 17, 2022, and Plaintiffs' claims have therefore been rendered moot as a result.

## EIGHTH AFFIRMATIVE DEFENSE

Policy 903 was revised as of March 18, 2022, and Plaintiffs' claims have therefore been rendered moot as a result.

## NINTH AFFIRMATIVE DEFENSE

Answering Defendants assert all rights and defenses which may be available to them under 42 U.S.C. §§1981-1988 and other applicable law.

## TENTH AFFIRMATIVE DEFENSE

Answering Defendants are entitled to qualified immunity from each and every claim asserted against them in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

Answering Defendants' actions and conduct were not motivated by evil motive or intent.

## TWELTH AFFIRMATIVE DEFENSE

Answering Defendants did not act with reckless or callous indifference to the federally protected right of others, including Plaintiffs.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants cannot conspire amongst themselves as a matter of law.

## FOURTEENTH AFFIRMATIVE DEFENSE

Answering Defendants are not state actors for purposes of Plaintiffs' Section 1983 claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

Answering Defendants did not reach an agreement with any Defendant to violate the rights of any Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

In the event that there is a judicial determination that Plaintiffs were state actors, which is expressly denied, Plaintiffs' claims against Answering Defendants in their official capacity merge with the claims against the District as a matter of law.

WHEREFORE, Defendants, Michael P. Clarke, Esq. and Peter C. Amuso, Esq., hereby demand that the Complaint filed against them be dismissed with prejudice and judgment entered in their favor and against Plaintiffs together with costs and fees as permitted by law.

SWEET, STEVENS, KATZ & WILLIAMS LLP

Date: April 18, 2022          By: _/s/ Gary H. Dadamo_
                                  Gary H. Dadamo, Esquire, Atty. I.D. # 93292
                                  331 E. Butler Avenue, P. O. Box 5069
                                  New Britain, Pennsylvania  18901
                                  (215) 345-9111 – Office / (215) 348-1147 – Facsimile
                                  Attorney for Defendants,
                                  Peter C. Amuso and Michael P. Clarke

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DOUGLAS MARSHALL, SIMON CAMPBELL, ROBERT ABRAMS, AND TIMOTHY DALY, | : : : | |
| Plaintiffs, | : : | Civil Action No. 2:21-cv-04336 |
| v. | : : | Honorable Gene E.K. Pratter |
| PETER C. AMUSO, et al. | : : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Gary H. Dadamo, Esquire, counsel for the Defendants, hereby certify that a true and correct copy of the foregoing Answer to Complaint with Affirmative Defenses is available and was served through the Court's ECF filing system upon counsel of record.

SWEET, STEVENS, KATZ & WILLIAMS LLP

Date: April 18, 2022    By: /s/ Gary H. Dadamo
                        Gary H. Dadamo, Esquire, Atty. I.D. # 93292
                        331 E. Butler Avenue, P. O. Box 5069
                        New Britain, Pennsylvania 18901
                        (215) 345-9111 – Office / (215) 348-1147 – Facsimile
                        Attorney for Defendants,
                        Peter C. Amuso and Michael P. Clarke