IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS MARSHALL, et al., | : | Case No. 2:21-cv-04336-GEKP |
| Plaintiffs, | : | |
| v. | : | |
| PETER C. AMUSO, et al., | : | |
| Defendants. | : | |

PLAINTIFFS' BRIEF
IN RESPONSE TO PENNSBURY'S MOTION TO DISSOLVE THE PRELIMINARY
INJUNCTION

TABLE OF CONTENTS

INTRODUCTION ................................................................................................1

ARGUMENT .......................................................................................................2

    I.  THIS COURT MAY LIFT THE PRELIMINARY INJUNCTION FOR EQUITABLE REASONS UNDER RULE 60........................................................................2

    II.  INJUNCTIVE RELIEF IS NOT CONSTITUTIONALLY MOOT ...........................3

        A.  *Constitutional mootness differs from prudential mootness*........................................................................3

        B.  *Constitutional mootness is not present here because Defendants continue to defend their past behavior and could revert to speech policing*........................................4

        C.  *The case for prudential mootness of injunctive relief is better* ........................................................................8

    III. PLAINTIFFS' CLAIMS FOR DECLARATORY RELIEF AND DAMAGES PRESENT AN ONGOING LEGAL CONTROVERSY .......................................................9

        A.  *Declaratory relief as to past conduct is distinct from injunctive relief*...............................................................9

        B.  *The request for nominal damages prevents mootness of the case as a whole*........................................................10

CONCLUSION ..................................................................................................11

## TABLE OF AUTHORITIES

**Cases**

*Already, LLC v. Nike, Inc.*,
   568 U.S. 85 (2013) ............................................................................................ 4, 7

*Boyce v. Dep't of Corr.*,
   Civil Action No. 3:15-cv-157, 2016 U.S. Dist. LEXIS 172135 (W.D. Pa. Dec. 12, 2016) .................................................................................................................. 10

*Burbank v. BMW of N. Am., LLC*,
   No. 21-01711 (KM) (ESK), 2022 U.S. Dist. LEXIS 49435 (D.N.J. Mar. 21, 2022) ...................................................................................................................... 4

*Del. Riverkeeper Network v. Sec'y Pa. Dep't of Envtl. Prot.*,
   833 F.3d 360 (3d Cir. 2016) .................................................................................. 4

*Favia v. Indiana Univ. of Pa.*,
   7 F.3d 332 (3d Cir. 1993) ...................................................................................... 2

*Fields v. Speaker of the Pa. House of Representatives*,
   936 F.3d 142 (3d Cir. 2019) .............................................................................. 3, 9

*Hartnett v. Pa. State Educ. Ass'n*,
   963 F.3d 301 (3d Cir. 2020) ...................................................................... 3, 4, 7, 8

*Marcavage v. Nat'l Park Serv.*,
   666 F.3d 856 (3d Cir. 2012) .............................................................................. 4, 7

*People Against Police Violence v. City of Pittsburgh*,
   520 F.3d 226 (3d Cir. 2008) ............................................................................ 3, 10

*Sierra Club v. United States Army Corps of Eng'rs*,
   277 F. App'x 170 (3d Cir. 2008) ............................................................................ 4

*Singer Mgmt. Consultants v. Milgram*,
   650 F.3d 223 (3d Cir. 2011) ................................................................................ 10

*Sprint Communs. Co. L.P. v. CAT Communs. Int'l, Inc.*,
   335 F.3d 235 (3d Cir. 2003) .................................................................................. 2

*Steffel v. Thompson*,
   415 U.S. 452 (1974) ............................................................................................... 9

*Uzuegbunam v. Preczewski*,
   141 S. Ct. 792 (2021) .................................................................................................. 10

*Warren Hill, LLC v. Neptune Inv'rs, LLC*,
   No. 20-452, 2021 U.S. Dist. LEXIS 123368 (E.D. Pa. June 30, 2021) ..................... 2

*Zwickler v. Koota*,
   389 U.S. 241 (1967) ..................................................................................................... 9

**Rules**

Fed.R.Civ.P. 60(b)(5) ........................................................................................... 1, 2, 3, 8

INTRODUCTION

Defendants' motion to lift the preliminary injunction should be granted because the injunction is no longer necessary, not because it is constitutionally moot. After this Court issued its preliminary injunction, the School District Defendants abolished Policy 922 and replaced Policy 903 with a much better version. These changes are to be commended, but the School District Defendants overstate the case for constitutional mootness, because these changes were made under the shadow of this Court's injunction, are subject to change, and the new policy can still be enforced overzealously. And while some personnel have changed, many wrongdoers still remain in place, including the solicitors who aggressively enforced these policies against Plaintiffs. Defendants have not met their burden on constitutional mootness.

Perhaps there is a case to be made for prudential mootness, but Plaintiffs ask that this Court simply lift the injunction under Rule 60(b)(5) because it is no longer needed. As a practical matter, there is no point in enjoining the provisions of two policies that no longer exist.

Plaintiffs are also sensitive to the risk of scope creep on mootness, and they note that an ongoing controversy exists between the parties as to the unconstitutionality of Defendants' past censorship of Plaintiffs' speech. This legal controversy manifests itself in Plaintiffs' request for final declaratory relief that the old policies were unconstitutional, both facially and as applied, and Plaintiffs' requests for nominal and punitive damages. Thus, should this Court determine that Plaintiffs' claims for injunctive relief are now moot, any such ruling should be narrow and not moot other potential relief.

ARGUMENT

I. THIS COURT MAY LIFT THE PRELIMINARY INJUNCTION FOR EQUITABLE REASONS UNDER RULE 60

Rule 60(b)(5) provides that this Court may relieve a party from an order when "applying it prospectively is no longer equitable." The standard for dissolving an injunction is whether the movant has made a showing that changed circumstances warrant the discontinuation of the order. *Sprint Communs. Co. L.P. v. CAT Communs. Int'l, Inc.*, 335 F.3d 235, 242 (3d Cir. 2003); *Favia v. Indiana Univ. of Pa.*, 7 F.3d 332, 340 (3d Cir. 1993); *see also Warren Hill, LLC v. Neptune Inv'rs, LLC,* No. 20-452, 2021 U.S. Dist. LEXIS 123368, at *5-6 (E.D. Pa. June 30, 2021). The burden is on Defendants to show changed circumstances. *Warren Hill*, at *5-6. Notably, they are not required to show that the claim for injunctive relief is moot, only that circumstances no longer make the preliminary injunction equitable.

Plaintiffs acknowledge that the School District Defendants have abolished Policy 922 (ECF No. 76-4) and have completed a from-the-ground up amendment of Policy 903 (ECF No. 76-7) ("New Policy 903"). The New Policy 903 is a significant improvement over the old policy. Unlike the old policy, it avoids policing viewpoints and focuses instead on maintaining time limits, and preventing imminent threats of harm and legally obscene speech. ECF No. 76-7 at 3. The address-announcement requirement has also been rescinded. *Id.* at 2-3. Facially, Plaintiffs have no concerns about the New Policy 903 and the School District Defendants are to be commended for adopting it.

On November 17, 2021, this Court preliminarily enjoined the district from enforcing a defined set of "Challenged Policy Terms" in Policies 903 and 922, and the address-announcement requirement. ECF No. 52 at 6, 23. These provisions effectively no longer exist, therefore the preliminary injunction no longer serves to restrain unconstitutional speech policies, whether facially or as applied. It should, however, also be noted that Defendants are not really burdened by the existing

injunction either and perhaps its continued existence does have some deterrent effect.

But a preliminary injunction is an extraordinary remedy, and the preliminary injunction here is no longer serving its original purpose. Accordingly, Plaintiffs do not oppose this Court lifting the preliminary injunction based on changed circumstances under Rule 60(b)(5).

The School District Defendants, however, overstate the case for constitutional mootness.

II.   INJUNCTIVE RELIEF IS NOT CONSTITUTIONALLY MOOT

*A. Constitutional mootness differs from prudential mootness*

Voluntary cessation of a challenged activity will moot a case only if it is absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur. *Fields v. Speaker of the Pa. House of Representatives*, 936 F.3d 142, 161-62 (3d Cir. 2019). The party urging mootness bears the heavy burden of showing that it will not revert to its prior policy. *Id.*

An important factor in the mootness inquiry is whether the government still defends its past policy, even after having altered course in the face of litigation. *Id.* Courts will understandably be skeptical of a claim of mootness when a defendant yields in the face of a court order and assures everyone that the case is moot because the injury will not recur, yet simultaneously maintains that its conduct was lawful all along. *Hartnett v. Pa. State Educ. Ass'n*, 963 F.3d 301, 306 (3d Cir. 2020).

It is also clear that the repeal of a challenged policy does not necessarily moot a challenge to the constitutionality of that policy, if the policy, or one with similar constitutional infirmities, might be reenacted. *People Against Police Violence v. City of Pittsburgh*, 520 F.3d 226, 231 n.2 (3d Cir. 2008) (articulating this principle in the context of a city ordinance). The touchstone of the voluntary-cessation doctrine is not how willingly the defendant changed course, but whether the defendant made

that change unilaterally and thus may revert to its old course of conduct when the court's scrutiny is not upon it. *Hartnett,* 963 F.3d. at 307. As the Supreme Court noted, the mootness doctrine is subject to potential manipulation by enjoined parties: "[A] defendant could engage in unlawful conduct, stop when sued to have the case declared moot, then pick up where he left off, repeating this cycle until he achieves all his unlawful ends." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). This warrants the need for iron-clad assurances that the enjoined conduct will not recur. *Id.*

Mootness raises both constitutional and prudential concerns. *Del. Riverkeeper Network v. Sec'y Pa. Dep't of Envtl. Prot.*, 833 F.3d 360, 374 (3d Cir. 2016). The constitutional aspect requires that an actual legal controversy must continue to exist between the parties for Article III jurisdiction to exist. *Id.; Hartnett,* 963 F.3d at 305 (explaining the relationship between standing and mootness). Prudential mootness allows a court to exercise its discretion to decline to grant injunctive relief when a change in circumstances prevents the granting of any meaningful relief. *Del. Riverkeeper,* 833 F.3d at 374; *Marcavage v. Nat'l Park Serv.*, 666 F.3d 856, 862 n.1 (3d Cir. 2012); *Sierra Club v. United States Army Corps of Eng'rs*, 277 F. App'x 170, 172-73 (3d Cir. 2008); *see also Burbank v. BMW of N. Am., LLC,* No. 21-01711 (KM) (ESK), 2022 U.S. Dist. LEXIS 49435, at *9 (D.N.J. Mar. 21, 2022) ("The prudential mootness doctrine is discretionary"). Thus, constitutional mootness is tantamount to showing that the Court lacks jurisdiction to determine an issue.

> *B. Constitutional mootness is not present here because Defendants continue to defend their past behavior and could revert to speech policing*

The School District Defendants urge this Court to find that Plaintiffs' request for injunctive relief is "constitutionally moot" because it is supposedly "absolutely clear" that Pennsbury's "allegedly" wrongful behavior could not reasonably be expected to recur. ECF No. 76 at 9-15. To be sure, there have been some positive developments,

4

but Defendants overstate the changed circumstances and understate the risk that misconduct could recur.

*First,* while the New Policy 903 is to be lauded, it can always be replaced with another Policy 903, containing viewpoint policing terms that are phrased differently than the original Policy 903 enjoined by this Court. No one ordered Defendants to change their policy and they can always change it again. *Second,* even the New Policy 903 can be enforced, as-applied, in an unconstitutional manner against Plaintiffs while this case remains pending. In the past, Defendants showed themselves to be very elastic and self-serving when describing unwanted speech as "irrelevant" or "obscene," when the speech would not have met the legal definition of non-relevance or obscenity in a courtroom. Kolde Dec., Ex. A at 98:22-25 (Amuso testimony: "Q. But you would agree it wasn't obscene, is that right? A. I think it's pretty obscene to accuse people of crimes without evidence to say they misappropriated and he used the term slush fund. It's pretty outrageous."); ECF No. 44-4, ¶¶ 27 (written comment rejected because, among other things, it was obscene), 31 (same).

*Third,* Defendants overstate the so-called regime change at Pennsbury. While it is true that four board members have been replaced since the start of this litigation, three board member-defendants remain in power, including Joshua Waldorf, who ostensibly presided over the infamous "you're done" school-board meeting in May 2021. Kolde Dec., Ex. A at 112:22-25-114:2. Cherissa Gibson, who sent a written list of demands to censor speech she personally found offensive, also remains Pennsbury's equity director. ECF No. 4-16 at 5. More importantly, Michael Clarke and Peter Amuso (who described himself as an enforcer of Policy 903) both remain as Pennsbury's solicitors. Kolde Dec., Ex. A at 81:15-19 (Amuso testimony: "Q. So you would call your role with Policy 903 as an enforcer, is that correct? A. At the direction of the Board, advising the Board on the policy, and at their direction when

5

necessary in enforcing it, yes."); ECF No. 4-8 at 2 (Schoolboard president: "Comments are found in violation of the policy by anyone who hears them and thinks so. It is then run by our solicitors *who make the decision* that something is in violation") (emphasis added).

Moreover, evidence newly obtained in discovery shows that Cherissa Gibson and Peter Amuso were collaborating closely in erasing disfavored views from meeting videos, including not just Doug Marshall's comments, but also comments and questions from Robert Abrams and Tim Daly made after Gibson's equity presentation and other comments too. Kolde Dec., Ex. B at 2-3 (Amuso on May 25, 2021: "The District has no legal obligation to broadcast the racist comments above, and *as guided by Cherrissa*, [sic] will no longer do so.") (emphasis added) (Amuso on May 24, 2021: "I also want to review our proposed deletions with Cherissa"). These two zealous censors remain in positions where they can continue to harm Plaintiffs.

While it is possible that the RFP process for legal counsel initiated by Pennsbury (ECF No. 76-9) will cause a change in solicitors, that process is incomplete, and there is no indication that the Rudolph Clarke firm is precluded from competing for the work. As such, at this stage, it is speculative to imply that defendants Amuso or Clarke will be replaced. And there is no indication that Cherissa Gibson, who instigated and "guided" at least some of the censorship, is planning to leave her position.

*Fourth,* both the School District Defendants and the Solicitor Defendants have defended their past actions against Plaintiffs under Policies 903 and 922 and, notably, continue to do so. They vigorously opposed the issuance of the preliminary injunction. Kolde Dec., Ex. A at 122:11-15 ("Q. Okay. Mr. Amuso, do you think that your behavior towards my clients during the May meeting was appropriate? A. Yes."). They also filed and argued a pre-answer motion to dismiss, launching a salvo of legal defenses including lack of a plausible claim, lack of an agreement, lack of

personal involvement, lack of state action, lack of standing, merger, and qualified immunity. ECF No 69 at 6-19.

Since then, both sets of defendants have filed answers that deny all liability or claims for relief. ECF Nos. 72, 23. Similarly, in bringing this motion, defense counsel used hedging language ("Pennsbury's allegedly wrongful behavior") and avoided any admission of past wrongdoing. ECF No. 76 at 13. While it is true that Defendants have changed Policy 903 for the better and abolished Policy 922, it is inaccurate to claim that they no longer contest the constitutionality of the old policies, or their application of them to the Plaintiffs in 2021. *See* ECF No. 76 at 15.

Thus, our case is unlike *Marcavage,* relied on extensively by Defendants. There the Park Service did not contest the determination that the Sixth Street sidewalk was a public forum and "did not revise its position on demonstrations on the Sixth street in reaction to [the present] civil rights action." *Marcavage,* 666 F.3d at 861. The important change from the government came before the case commenced. Similarly, in *Hartnett,* the court found union-dues related claims moot when the Supreme Court's decision in *Janus v. AFSCME, Council 31,* 138 S. Ct. 2448 (2018) declared unequivocally that collecting agency fees from nonmembers is unconstitutional and the unions complied with that holding and disavowed any intent to further collect agency fees. 963 F.3d at 307-308. So too in *Already, LLC,* where Nike's covenant prevented it from making any claim or demand regarding trademark infringement. 568 U.S. at 93. All these cases involved new developments that provided greater certainty and protection to the complaining party than we have here.

Unlike those cases, there remains a live Article III controversy between the parties about their prior actions and this Court should reject the School District Defendants' claims of constitutional mootness. Moreover, should the Defendants apply the New Policy 903 in an overly aggressive manner while this lawsuit is still

pending, this Court should retain its Article III jurisdiction to order future injunctive relief, whether temporary or otherwise. Plaintiffs should not be required to file a new lawsuit, especially while this one is still ongoing.

      C. *The case for prudential mootness of injunctive relief is better*

As detailed in Section A., *infra,* prudential mootness is a more discretionary doctrine that looks at whether the Court can still grant meaningful injunctive relief. Defendants acknowledge that the New Policy 903 appears to be facially constitutional and thus the prospect of further facial injunctive relief appears remote, unless they change the policy again. The prospect of as-applied injunctive relief, however, remains, especially while some of the wrongdoers remain in positions of authority with the school district, including the solicitors, who were self-described enforcers of Policy 903. *See Hartnett,* 963 F3d at 306 ("sometimes, 'the prospect that a defendant will engage in (or resume) harmful conduct may be too speculative to support standing, but not too speculative to overcome mootness'"). Thus, Plaintiffs remain reluctant to agree to grant Defendants a free pass on all forms of injunctive relief while this case remains ongoing.

Plaintiffs suggest instead that this Court may lift the injunction under Rule 60(b)(5) due to changed circumstances and without reaching the question of mootness. Until a case is resolved, it is best to keep all tools available, and recent events have shown that ongoing judicial scrutiny has had a salutary effect on the right to speak in the Pennsbury School District. Removal may foster backsliding.

If the Court is nevertheless inclined to find the claims for injunctive relief to be moot, we would respectfully urge the Court to do so under the prudential mootness doctrine. Presumably, if a Court can exercise its discretion to find injunctive relief prudentially moot, it can later change its mind if new evidence warrants it. That would be a safer, more incremental, course here. And it has less risk of scope creep.

III.  PLAINTIFFS' CLAIMS FOR DECLARATORY RELIEF AND DAMAGES PRESENT AN ONGOING LEGAL CONTROVERSY

Even if this Court finds that the Plaintiffs' claim for injunctive relief is moot, this Court should nevertheless recognize that the case as a whole is not moot, and it retains ongoing Article III jurisdiction over Plaintiffs' claims for declaratory relief and damages. *See* ECF No. 1 at 64 (complaint requesting declaratory relief, nominal damages, and punitive damages).

   A.  *Declaratory relief as to past conduct is distinct from injunctive relief*

Although they are both equitable remedies, declaratory relief is different from injunctive relief and a district court has a duty to decide on the merits of declaratory relief "irrespective of its conclusion as to the propriety of the issuance of an injunction." *Zwickler v. Koota,* 389 U.S. 241, 254 (1967). Indeed, one of the purposes of declaratory relief is to provide a milder alternative to injunctive relief. *Steffel v. Thompson,* 415 U.S. 452, 467 (1974).

In *Fields,* the plaintiffs had requested not only an injunction, but a declaratory judgment about the earlier sign and speaker statement requiring nontheist guests to stand during opening prayers in the Pennsylvania House of Representatives, the constitutionality of which the government continued to defend even though it had discontinued the challenged practice. 936 F.3d at 161-62. The Third Circuit held that the claim for declaratory relief was not moot, but went on to determine that the previous sign and statement features were not unconstitutionally coercive. *Id.*

Similarly, Plaintiffs here have requested that this Court declare definitively that Defendants' prior censoring of their speech under Policies 903 and 922 was unconstitutional. To be sure, this Court's prior injunction was strong medicine and has triggered some salutary developments, but it does not technically constitute a final judgment on the merits.

Indeed, it is possible that this mootness motion is really the opening gambit in a bid to prevent Plaintiffs from recovering attorneys' fees under 42 U.S.C. 1988.

9

*Compare People Against Police Violence,* 520 F.3d at 236 (attorneys' fees warranted where plaintiffs obtained preliminary injunction that resulted in city policy change) *with Singer Mgmt. Consultants v. Milgram,* 650 F.3d 223, 229 (3d Cir. 2011) (prevailing on the merits requirement under 42 U.S.C. 1988 may not always be met in context of preliminary injunctions). Thus, a final judgment on declaratory relief serves a concrete purpose here. It also dove-tails with Plaintiffs' request for nominal damages.

### B. *The request for nominal damages prevents mootness of the case as a whole*

Although many other circuits had held that a request for nominal damages alone was enough to save a case from mootness, this was not so long ago an open question in the Third Circuit. *See Boyce v. Dep't of Corr.,* Civil Action No. 3:15-cv-157, 2016 U.S. Dist. LEXIS 172135, at *7 (W.D. Pa. Dec. 12, 2016). But the Supreme Court put this issue to rest when it recently held that an "award of nominal damages *by itself* can redress a past injury." *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 796 (2021) (emphasis added). Notably, in that case, college officials first vigorously defended their speech policies, but later jettisoned the policies and then mooted the request for injunctive relief (a strategy that seems familiar). *Id.* at 797. The district court later found that nominal relief was insufficient to convey standing, and the Eleventh Circuit agreed, but the Supreme Court reversed. *Id.* The court reasoned that it was undisputed that Uzuegbunam experienced a completed violation of his rights when the college enforced its speech policies against him. *Id.* at 802. "Because every violation of a right imports damage, nominal damages can redress Uzuegbunam's injury even if he cannot *or chooses not to* quantify that harm in economic terms." *Id.* (cleaned up and emphasis added). This makes sense, because otherwise it would be a lot easier for government actors to avoid accountability for violating citizen's rights if the prospect of economically quantifiable damages were low.

Similarly, Plaintiffs here experienced completed rights violations when Defendants repeatedly censored them (although Defendants have not admitted this yet), and they have a right to a final judgment of nominal damages, even if they have chosen not to otherwise quantify the harm caused by having their rights to speak trampled upon by government officials. Indeed, it is likely that this Court granting declaratory relief on the past applications of Policies 903 and 922 would conclusively establish Plaintiffs' rights to nominal damages.

Plaintiffs have similarly made a claim for punitive damages, although that claim is more hotly contested than the one for nominal damages and may require the factual record to be further developed. Nevertheless, the presence of both damage claims should serve to narrowly limit any finding of mootness and further demonstrates that Plaintiffs' case as a whole is not moot.

## CONCLUSION

Defendants' motion to lift the preliminary injunction should be granted because it is no longer necessary. But this Court should reject the School District Defendants' request to find the request for injunctive relief to be constitutionally moot. If the court does find some mootness, it should narrowly limit that finding to preserve the availability of other relief.

Dated: May 27, 2022

Respectfully submitted by,

| *s/Endel Kolde* | *s/Michael Gottlieb* |
|---|---|
| Endel Kolde (pro hac vice) | Michael Gottlieb |
| Alan Gura (pro hac vice) | PA Bar No. 36678 |
| INSTITUTE FOR FREE SPEECH | VANGROSSI & RECHUITTI |
| 1150 Connecticut Avenue, N.W., Ste 801 | 319 Swede Street |
| Washington, DC 20036 | Norristown, PA 19401 |
| 202.301.3300 | 610.279.4200 |
| dkolde@ifs.org | mikem1a1@aol.com |
| agura@ifs.org | |